Filed Feb. 21, 1889.

————◆————

## No. 13,330.

## THE CINCINNATI, HAMILTON AND DAYTON RAILROAD COMPANY *v.* McMULLEN, ADMINISTRATOR.

JURISDICTION.—*Actions for Personal Injuries.*—Actions for the recovery of damages for personal injuries, or for pecuniary loss resulting from the death of a person by the wrongful act of another, are transitory in character, and arise out of the violation of rights which are neither local nor confined to the State where they accrued.

SAME.—*Rights Accruing in Another State.*—The jurisdiction of courts to entertain actions or enforce rights which accrued in a foreign State does not depend upon whether the rights are of statutory or common law origin, provided they accrued under a statute similar in import and character to one in force in the jurisdiction in which the remedy is sought.

RAILROAD.—*Duty to Provide Safe Machinery.*—*Liability to Employee.*—It is the duty of a railroad company to provide and maintain reasonably safe and suitable cars and other appliances for its employees to work

with, and a failure to discharge this duty, no matter to whom the company may have committed its performance, renders the company liable to an employee who is injured without his fault.

SAME.—*Fellow Servants.—Car Inspector and Trainmen.*—A car inspector, in the employment of a railroad company, upon whom is enjoined the duty of inspecting the company's cars, is not a co-employee of a brakeman, or of a conductor of a freight train who, in the line of his service, is discharging the duties of brakeman, within the meaning of the common law rule exempting a master from liability for the negligence of a fellow servant.

SAME.—*Freight Conductor.—Inspection of Cars.— Presumption.*—There is no legal presumption that it is the duty of the conductor of a freight train to inspect the cars and machinery of his train, or that he is chargeable with negligence for using unsafe cars if the defect was such that it might have been discovered by inspection.

SAME.—*Evidence.—Rules of Company.*—Parol evidence that it was the duty of a freight train conductor on the defendant's road to inspect the couplings and brakes connected with his train, is not admissible, in the absence of a showing that such duty was not prescribed by a written or printed rule duly adopted and promulgated.

SAME.—*Rules of Another Company.*—The rules of another separate and apparently independent railroad company are not competent evidence to show the duties of a conductor on the defendant's road, until it is shown by competent evidence that they had been adopted and promulgated as the rules of the defendant.

SAME.—*Instruction to Jury.—Province of Court.*—It is not the province of the court to say to the jury as matter of law, in an action for damages, what facts and circumstances are sufficient to show that the death of the plaintiff's intestate was caused by defective machinery.

SAME.—*Circumstantial Evidence of Injury.*—If, from all the facts and circumstances proved in the case, the inference arises that the deceased was exercising proper care, and that his death was caused while using a defective brake on one of his employer's cars, a recovery is justified, even though no direct evidence is given by persons who saw the accident.

LAW OF ANOTHER STATE.—*Pleading and Proof.—Judicial Notice.*—The law of another State, whether declared by judicial decisions or otherwise, if relied on to defeat an action alleged to have accrued in that State and sought to be enforced here, must be pleaded and proved, as judicial notice thereof will not be taken for such purpose.

From the Wayne Circuit Court.

*R. D. Marshall* and *H. C. Fox*, for appellant.

*C. H. Burchenal* and *J. L. Rupe*, for appellee.

The Cincinnati, Hamilton and Dayton R. R. Co. v. McMullen, Adm'r.

MITCHELL, J.—McMullen, as administrator of the estate of Stephen Wiggins, deceased, brought this action against the railroad company above named to recover the pecuniary loss resulting to the wife and children of the decedent, whose death is alleged to have been wrongfully caused by the neglect of the company.

It appears from the complaint that the intestate was a conductor on one of the railroad company's freight trains, and that his death was caused on the 3d day of February, 1885, in the city of Cincinnati, Ohio, by reason of the defective and dangerous condition of a brake on one of the company's cars.

A statute of the State of Ohio, giving a right of action, to be prosecuted in the name of the personal representative for the benefit of the wife or husband and children, whenever the death of a person has been caused by the wrongful act, neglect or default of another, is incorporated in the complaint. This statute is in no material respect variant from the one covering the same subject as found in section 284, R. S. 1881.

An elaborate argument is submitted in support of the proposition that actions like the present, which were unknown to the common law and are wholly of statutory origin, can only be maintained within the jurisdiction in which the right of action accrued. Hence it is contended, the injury and death having occurred in the State of Ohio, and the right of action, if any existed, having been given by the statute of that State, that the courts of Indiana are without jurisdiction to enforce the statute of the former State.

Since the appeal was taken in the present case, this court has decided the question thus presented adversely to the view contended for by the appellant. *Burns* v. *Grand Rapids, etc., R. R. Co.*, 113 Ind. 169.

We arrived at the conclusion in the case cited that actions for the recovery of damages for personal injuries, or for pecuniary loss, are transitory in character, and arise out of the

supposed violation of rights which, in legal contemplation, are neither local nor confined to the State where the right accrued.   The further conclusion was arrived at, that, according to the weight of authority, as well as upon principle, the jurisdiction of courts to entertain actions or enforce rights which accrued in a foreign State did not depend upon whether the right sought to be enforced was of statutory or of common law origin, provided the right accrued under a statute similar in import and character to one in force in the jurisdiction in which the remedy was sought.   Adhering to the conclusions there stated, it follows that the action was well brought in the court below.

The plaintiff's case proceeded upon the theory that his intestate's death was caused by the negligence of the railroad company in allowing one of its cars, with a defective brake, to be put into a train at Richmond, Indiana, of which the intestate was put in charge as conductor.

There was evidence tending to show that the latter went upon the car in the company's yard at Cincinnati, the brakemen being necessarily otherwise engaged at the time, and while attempting to control the movement of the car by the use of the brake, the handle to that appliance suddenly gave way, or slipped off, thereby causing the decedent to lose his balance and fall between the moving cars, one of which passed over his body, crushing him to death.

The theory of the appellant company was, that if the intestate's death was occasioned by the negligence of anyone, it was the fault of the car inspector at Richmond, Indiana, where the train was made up, and that the car inspector was a co-employee with the plaintiff's intestate.   Hence, the insistence is, there can be no recovery, upon the principle that an employer is not liable to an employee for an injury occasioned by the negligence of a co-employee while both are engaged in a common service.

The instructions of the court relevant to that feature of

the case were adverse to the appellant's view, and they are now made the subjects of complaint.

That one who engages in the service of a railroad company is presumed to be acquainted with, and to take upon himself, all the ordinary risks incident to the service, including the risks arising from the negligent conduct of co-employees, in whose selection and retention proper care has been exercised, is too well settled to admit of further discussion.   It is also a well established rule that all those who are subject to the same general control, and are co-operating in the prosecution or accomplishment of the same general end and purpose, are, while engaged in the common pursuit, without regard to their relative rank, co-employees. *Indiana Car Co.* v. *Parker,* 100 Ind. 181 ;   *Atlas Engine Works* v. *Randall,* 100 Ind. 293 ; *Gormley* v. *Ohio, etc., R. W. Co.,* 72 Ind. 31 ;   *Brazil, etc., Coal Co.* v. *Cain,* 98 Ind. 282.

It is, however, the duty of a railroad company to provide and maintain reasonably safe and suitable cars and other appliances for its employees to work with, and it can not escape liability to an employee, who, without fault or neglect on his part, suffers injury from the use of defective appliances or implements, by showing that the failure to discover and amend the defect was attributable to the neglect of an agent of the company to whom the duty of selecting and inspecting its cars and their appendages had been committed.   An employee is required to observe and avoid all known or obvious perils, even though they may arise from defective machinery and appliances ; but he is not bound to search for defects, or make a critical inspection of the appliances which are provided for his use.   These are duties of the employer, who is required not only to furnish reasonably safe and suitable tools and machinery, but to exercise such a continuing supervision over them, by such reasonably careful and skilful inspection and repair, as will keep the implements which employees are required to use in such a condition as not unnecessarily to expose them to unknown and extraordinary

hazards. *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566, and cases cited.

Whoever is appointed or permitted to discharge duties which pertain to the station or function of employer, must, upon the plainest principles of reason and justice, be held to stand as the representative of the employer, and, in case injury results from his neglect, the latter must answer for his delinquency.

When the premise is conceded, that the duty to furnish reasonably safe and proper instrumentalities for the performance of the work required rests upon the employer, the conclusion logically follows that the consequences of a negligent failure to perform that duty must, no matter to whom it may have been committed, be visited upon the employer, and not upon the employee who suffered injury therefrom.

It can not be said that a car inspector, in the employment of a railroad company, upon whom is enjoined the duty of inspecting the company's cars, is a co-employee of a brakeman, or of one who is in the line of his service discharging the duties of brakeman, within the meaning of the common law rule which exempts a master from liability for injuries to a servant resulting from the negligence of a fellow-servant. *Bushby* v. *New York, etc., R. R. Co.,* 107 N. Y. 374; *Fay* v. *Minneapolis, etc., R. W. Co.,* 30 Minn. 231; *Macy* v. *St. Paul, etc., R. R. Co.,* 35 Minn. 200; *Condon* v. *Missouri Pacific R. W. Co.,* 78 Mo. 567; *Missouri, etc., R. W. Co.* v. *Dwyer,* 36 Kan. 58; *King* v. *Ohio, etc., R. R. Co.,* 8 Am. & Eng. R. R. Cas. 119; *Brann* v. *Chicago, etc., R. R. Co.,* 53 Iowa, 595.

After a careful examination of the authorities, the rule applicable to the point under consideration was well stated in *Northern Pacific R. R. Co.* v. *Herbert,* 116 U. S. 642, in the following language: " If no one was appointed by the company to look after the condition of the cars, and see that the machinery and appliances used to move, and to stop them, were kept in repair and in good working order, its liability

for the injuries would not be the subject of contention. Its negligence in that case would have been in the highest degree culpable. If, however, one was appointed by it charged with that duty, and the injuries resulted from his negligence in its performance, the company is liable. He was, so far as that duty is concerned, the representative of the company; his negligence was its negligence."

As applied to the cars and instrumentalities furnished by the railroad company itself, the rule thus enunciated meets our approval.

In respect to cars received by one railroad company from another in the course of transportation, since the duty of the receiving company is to receive and forward the cars over its road, the rule above enunciated is not applicable in its strictness. In such a case it may be said with much plausibility, that it is not the duty of the company to furnish appliances and instrumentalities, but to make proper inspection and give notice of defects if any are found, and that this duty is performed by the employment of a sufficient number of competent and skilful inspectors, who are subjected to proper rules and instructions. In cases of that class, it has been held that inspectors of cars, and those acting as brakemen, were fellow-servants within the common law rule. *Mackin* v. *Boston, etc., R. R. Co.*, 135 Mass. 201; *Keith* v. *New Haven, etc., Co.*, 140 Mass. 175; *Smith* v. *Flint, etc., R. W. Co.*, 46 Mich. 258; *Railroad Co.* v. *Fitzpatrick*, 42 Ohio St. 318.

The suggestion is made, that by the law of the State of Ohio, as declared by the courts of that State, car inspectors and brakemen are co-employees, and that hence, under the rulings in that jurisdiction, no right of action arises in favor of the latter growing out of injuries caused by the negligence of the former.

It is a familiar principle that a cause of action can not be asserted in one jurisdiction for a wrong or injury which occurred in a foreign State, unless an action might have been

maintained in the jurisdiction where the injury occurred. *Burns* v. *Grand Rapids, etc., R. R. Co.*, 113 Ind. 169, and cases cited. We can not, however, take judicial notice of the common law of the State of Ohio, or of any other foreign State. For some purposes this court may take judicial notice of the judicial decisions of all the States. But as matters of law or fact, applicable to a particular case, the law of a foreign State, whether declared by judicial decisions or otherwise, must be pleaded and proved. That was not done in the present case. *Bethell* v. *Bethell*, 92 Ind. 318; *St. Louis, etc., R. W. Co.* v. *Weaver*, 35 Kan. 412.

The instructions complained of predicate the right of recovery upon the condition that the jury find the company negligent in the performance of its duty in the respects we have been considering, and upon the further condition that they find that the decedent was " himself free from fault and negligence in the use of such appliances."

The contention that, under the instructions complained of, the plaintiff was entitled to recover by showing that the railroad company or its agents were negligent, without showing that the decedent was exercising due care, is not well founded.

We agree that it was incumbent upon the plaintiff to aver and prove the negligence of the railroad company, and the absence of contributory negligence on the part of the intestate, and that the burden of proof was upon the plaintiff upon both these propositions. An examination of the instructions demonstrates that the case was fairly put to the jury upon that theory.

It is contended that the charge of the court relating to the measure of damages is much too broad. There is force in some of the objections thus urged; but, while we do not approve of the instruction in the broad interpretation which might be given it, we are nevertheless constrained to hold that, taking it altogether, it was capable of such a construction as expressed the proper rule of damages, and that the amount assessed by the jury does not indi-

cate that they were misled by the charge. *Louisville, etc., R. W. Co.* v. *Buck, supra.*

Complaint of a general character is made concerning the giving of other instructions by the court, but an examination of the charges complained of fails to disclose anything objectionable in them.

It was not error for the court to refuse to instruct the jury, as requested, to the effect that the decedent, being at the time he was injured the conductor of a freight train, and not under the immediate control of a superior, was therefore the representative of the company, and held to ordinary and reasonable care not only in the management of the train, but in the inspection of the cars, machinery, brakes and the like.

As is correctly stated in the head-note to *Ransier* v. *Minneapolis, etc., R. W. Co.*, 32 Minn. 331, there is no legal presumption that it is the duty of the conductor of a railway freight train to inspect the cars and machinery of his train, or that he is chargeable with negligence for using unsafe cars if the defect was such that it might have been discovered by inspection. This being so, the proposition involved in the instruction asked could not be stated as matter of law.

In like manner the court ruled correctly in refusing the fourteenth instruction asked by the appellant, which was to the effect that the mere fact that the deceased was found dead upon the defendant's railroad track, and that it was afterwards discovered that the brake-staff on one of the cars which was part of his train had no brake-wheel upon it, and that a brake-wheel was found near the deceased, was not sufficient to show that his death was caused by any defect in the brake-staff or wheel.

It was not the province of the court to say as matter of law what facts and circumstances were sufficient to show that the death of the intestate was caused by defective machinery. While it is true, as we have seen, that the burden was on the plaintiff to prove that the defendant was negligent, in that it

supplied defective machinery, and that the intestate was free from fault contributing to his death, it was not necessary to make the proof by direct evidence.

The verdict will be upheld if these facts are made to affirmatively appear either directly or circumstantially. If, from all the facts and circumstances proven in the case, the inference arises that the deceased was at the time exercising proper caution, and that his death was caused while he was using a defective brake on one of the appellant's cars, then a recovery was justified, even though there was no direct evidence given by persons who saw the deceased at the moment he fell under the car. *Indiana, etc., R. W. Co.* v. *Greene*, 106 Ind. 279; *Burns* v. *Chicago, etc., R. W. Co.*, 69 Iowa, 450; *Jones* v. *New York Central, etc., R. R. Co.*, 28 Hun, 364 (92 N. Y. 628).

It is only when the facts and circumstances surrounding the injury point neither one way nor the other that the plaintiff must fail for want of affirmative proof.

At the trial the railroad company proposed to prove by a competent person that it was the duty of a freight conductor on its road to look at and determine the condition of the couplings, brakes, etc., connected with his train, and that he was held responsible for their condition. This testimony was properly excluded.

If there was any such rule or general direction as that proposed to be proved, it was presumably in writing. Such regulations are usually promulgated either by general rules, or orders issued by those having the control or management of the company's affairs. In the absence of any showing that the duties of freight conductors in the respects mentioned were not prescribed by some written or printed rules adopted and promulgated by those having the management of the company, the evidence was properly excluded.

For the same reason the court ruled correctly in excluding parol evidence by which it was proposed to prove that the appellant company was, at the time of the injury complained

of, under the management of another company, and that the printed rules of the latter company had been adopted by, and extended over, the appellant company.

We must presume, until the contrary appears, that if the two corporations were under one management, and the rules of the other corporation were adopted as the rules governing employees of the appellant, there was in existence some order, instruction or resolution manifesting the facts. The rules of another separate and apparently independent railroad company were not competent evidence to show the duties of the freight conductors on the appellant's road, until it was shown by some proper and competent evidence that they had been adopted and promulgated as the rules of the appellant. Besides, the excluded rule which was offered in evidence is not set out in the bill of exceptions. It does not appear, therefore, that the appellant was harmed by the ruling of the court. *LaRose* v. *Logansport Nat'l Bank*, 102 Ind. 332.

The evidence tends to sustain the verdict. We have thus examined all the points made on behalf of the appellant, without regard to the motion made to dismiss the appeal. We find no error.

The judgment is affirmed, with costs.