The Ohio and Mississippi Railway Company v. Pearcy, Administratrix.

Filed May 12, 1891.

---

No. 14,539.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. PEARCY, ADMINISTRATRIX.

MASTER AND SERVANT.—*Railroad.—Damages.—Defective Machinery.—Employee's Means of Knowledge.—What Complaint Must Aver.*—In an action for damages against a railroad company for the death of a brakeman alleged to have been caused by the unsafe and defective condition of a brake on one of the defendant company's cars, it is not necessary to aver facts in the complaint, showing affirmatively that the employee had no means of ascertaining the defect. It is the duty of the master to provide suitable and proper appliances; the employee has the right

The Ohio and Mississippi Railway Company *v.* Pearcy, Administratrix.

to rely on the master having discharged his duty, and he is not required to search for defects, nor is he required to aver facts in his complaint, showing that he had no means of knowledge. It is sufficient to aver that he had no knowledge of such defect.

SAME.—*Defendant's Knowledge of Defective Machinery.—Averment of Complaint as to Sufficiency of.—Demurrer.—Negligence.*—Where the complaint alleges that the brake was defective in certain particulars, and that the defendant company negligently used such brake in its business upon the day of the injury, and for many days prior thereto, a demurrer will not lie on the ground that the complaint does not allege that the defendant company had any knowledge of the defect, by means of which it is averred the deceased received the fatal injury.

SAME.—*Safe Appliances.—Duty of Employer to Furnish and Maintain.—Knowledge of Defects Chargeable to Employee.*—The duty of the employer does not end with simply providing safe machinery and appliances for the use of his employees, but the further duty is imposed of continuously exercising reasonable diligence and care to ascertain and know the condition of such machinery and appliances, and to keep them in a safe and proper condition. The employee is charged with the knowledge of such defects as he could have ascertained by the exercise of reasonable care and diligence in this behalf.

INSTRUCTIONS TO JURY.— *Weight of Evidence.*—An instruction is properly refused which tells the jury what weight they should give to the evidence. The jury are the judges of the weight of the evidence.

SAME.—*Co-Employees.— Who are not.*—It is not error to refuse to instruct the jury in an action for damages for the death of an employee of a railroad company alleged to have resulted from a defective brake, that the car-inspectors were the co employees of the brakemen. The company was charged with the duty of providing and maintaining safe appliances for use in the operation of its business. If this duty is intrusted to an agent, a car-inspector for instance, such agent stands in the attitude of the master, and is not a co-employee of the brakeman.

SAME.—*Defective Machinery.—Knowledge of.—Employee.*—It is proper to refuse to instruct the jury, in such an action, that it was the duty of the brakeman to know whether the brake was in good and safe condition, and if he continued to use or operate it without such knowledge and it proved to be unsafe, and because of its infirmity he was thrown from the car and lost his life, then his negligence contributed to the injury and no recovery could be had.

SAME.—*Assuming Facts to be Established.—Effect of.*—An instruction is properly refused which assumes that the evidence establishes a fact, and then states what was the duty of a party in view of the fact so assumed to exist.

VERDICT.—*Weight of Evidence.*—A verdict will not be disturbed for the

reason that it is not supported by the evidence, if there is any evidence in the record supporting the verdict.

From the Jennings Circuit Court.

*E. Burton, W. M. Ramsey, L. Maxwell, R. Ramsey, W. R. Johnston, H. D. McMullen* and *H. R. McMullen,* for appellant.

*A. G. Smith, W. Fitzgerald* and *A. C. Harris,* for appellee.

OLDS, C. J.—This action was brought by the appellee, administratrix of the estate of David L. Pearcy, deceased, against the appellant, to recover damages occasioned by the death of said deceased, who, at the time of the accident which it is alleged caused his death, was a brakeman upon one of the appellant's freight trains.

There was a trial before a jury and a general verdict returned in favor of the appellee, and with their general verdict the jury also returned answers to interrogatories submitted to them.

The appellant filed a motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict, which motion was overruled. Appellant also moved for a new trial, which motion was overruled, and a motion in arrest of judgment was made by the appellant and overruled. Exceptions to the several rulings were reserved and judgment was rendered by the court upon the verdict.

Appellant assigns as error that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in overruling appellant's demurrers to the first, second and third paragraphs of the complaint, and each of them; that the court erred in overruling appellant's motion for a new trial; that the court erred in overruling appellant's motion for judgment in its favor upon the answers to interrogatories, notwithstanding the general verdict, and that the court erred in overruling appellant's motion in arrest of judgment.

The principal question discussed relates to the sufficiency of the several paragraphs of the complaint.

The first paragraph is as follows:

" *First Paragraph.* Florence M. Pearcy, administratrix of the estate of David L. Pearcy, deceased, complains of the Ohio and Mississippi Railway Company, defendant, and says that the defendant is a corporation, organized under the laws of the State of Indiana, and owns and operates, for hire, a railroad running through the counties of Jennings, Ripley and Dearborn, in said State, commonly known as the Ohio and Mississippi Railroad; that, on the 1st day of August, 1887, said David L. Pearcy was employed by the defendant to work for it in and about its freight trains, in the capacity of a brakeman on said railroad, in the transportation of freight over defendant's said railroad for hire; that on said day, while said David L. Pearcy was at work pursuant to his said employment, and in the proper discharge thereof, in the capacity of a brakeman on a certain freight train, then being transported by the defendant over its said railroad, at or near a place known as Moore's Hill grade, in Dearborn county, State of Indiana, he was killed by reason of the defectiveness and unsafe condition of a brake and the appliances thereof on one of the defendant's cars in said freight train, the said brake and appliances being unsafe, defective and out of repair, in this, that the threads of the screw on top of the brake-staff of said brake had become and were worn out and battered so that said threads would not hold a nut securely so as to keep the brake wheel on said brake-staff, when the said wheel was grasped to let off brakes, as said Pearcy was required in his said employment to do by the defendant as a brakeman on said freight train, and which he might with safety do when said screw and nut were in good condition and repair, which unsafe and defective condition of said brake, brake staff and screw was unknown to said David L. Pearcy, and which brake, brake-staff and screw the defendant negligently and carelessly used in its said business on said day

and for many days prior thereto; that, on said 1st day of August, 1887, at or near the foot of said Moore's Hill grade, the said David L. Pearcy was required by said defendant, pursuant to said employment, to let off the said brake while said train was in rapid motion, and when he was grasping said brake wheel to let off said brake, the said wheel came off in his hands by reason of the fact that the threads of said screw were in the condition aforesaid, and did not, and would not, by reason of its unsafe and defective condition, retain the nut that held said brake wheel in position on said brake staff, and said brake wheel coming off suddenly in his hands, while the said David L. Pearcy was applying only sufficient force thereto to let off said brake, he thereby lost his balance and was thrown forward and off said car onto the ground below and killed, without fault or negligence on his part, or on the part of the plaintiff; that said David L. Pearcy was a young man about 24 years of age, and in good health and splendid physical condition, and had dependent on him for support a young wife and unborn child at the time he lost his life as aforesaid; that, on the — day of November, 1887, the plaintiff was appointed administratrix of his estate by the circuit court of Jackson county, in the State of Indiana. Wherefore plaintiff demands judgment for ten thousand dollars, and all other and proper relief."

It is contended that the first paragraph of the complaint is bad for the reasons that it is not alleged that the appellant company had any knowledge of the defect by which it is alleged the deceased received the alleged fatal injury; that it is not averred in the complaint that the deceased did not have the same means of knowledge as to the defects complained of as the appellant had; that it is shown by the averments of the first paragraph of the complaint that the deceased at the time of the injury was an employee of the appellant company, employed by the appellant to work for it in and about its freight trains in the capacity of a brakeman on said railroad in the transportation of freight

over appellant's said railroad for hire, and while so employed the injury occurred; that it is nowhere alleged that appellant had not exercised ordinary care and prudence in procuring the brake and staff in question, nor that when the brake-staff was put upon the car it was unsafe or defective.

The law imposes upon an employer the duty of providing for his employee a reasonably safe place to work, and safe machinery to work with. As applicable to the case at bar, the law imposed a duty on the railroad company to provide and maintain reasonably safe and suitable cars, together with the necessary appliances to run and operate the trains. These duties were imposed upon the master, and the employee had the right to rely upon their having been performed. True, the employee was charged with the duty of exercising his faculties, and with the knowledge of such defects as were observable with the reasonable exercise of his faculties in connection with the performance of his accustomed duties, but he was not bound to search for defects, or to test the machinery in advance of using it, for he had the right to proceed to use the appliances for the operation, running and management of the train, relying upon the master having discharged his duty and provided safe appliances without stopping to investigate the sufficiency or soundness of the appliances, unless the defect was so apparent as to convey to him its unsafe and dangerous condition upon his approach without investigation. If the employee had actual knowledge of its unsafe condition, then it would be negligence to use it, and if knowing the unsafe condition of the appliance the employee attempted to use it he would assume the extra hazard in so doing.

The duty on behalf of the employer does not end with simply providing safe machinery and appliances for the use of his employees, but the further duty is imposed of continuously exercising reasonable diligence and care to ascertain and know the condition of such machinery and appli-

ances, and to keep them in a proper and safe condition, and the employee is charged with the knowledge of such defects as he would have ascertained by the exercise of reasonable care and diligence in this behalf.

In the case of *Cincinnati, etc., R. R. Co.* v. *McMullen,* 117 Ind. 439, this court says : " It is, however, the duty of a railroad company to provide and maintain reasonably safe and suitable cars and other appliances for its employees to work with, and it can not escape liability to an employee, who, without fault or neglect on his part, suffers injury from the use of defective appliances or implements, by showing that the failure to discover and amend the defect was attributable to the neglect of an agent of the company to whom the duty of selecting and inspecting its cars and their appendages had been committed. An employee is required to observe and avoid all known or obvious perils, even though they may arise from defective machinery and appliances ; but he is not bound to search for defects, or make a critical inspection of the appliances which are provided for his use. These are duties of the employer, who is required not only to furnish reasonably safe and suitable tools and machinery, but to exercise such a continuing supervision over them, by such reasonably careful and skilful inspection and repair, as will keep the implements which employees are required to use in such a condition as not unnecessarily to expose them to unknown and extraordinary hazards."

In relation to the duty of the employer in this respect, in the case of *Northern Pacific, etc., R. R. Co.* v. *Herbert,* 116 U. S. 642, it is said : " If no one was appointed by the company to look after the condition of the cars, and see that the machinery and appliances used to move, and stop them, were kept in repair and in good working order, its liability for the injuries would not be the subject of contention. Its negligence in that case would have been in the highest degree culpable. If, however, one was appointed by it charged with that duty, and the injuries resulted from its negligence

in its performance, the company is liable. He was, so far as that duty is concerned, the representative of the company ; his negligence was its negligence."

This statement of the law is quoted with approval in the case of *Cincinnati, etc., R. R. Co.* v. *McMullen, supra.* The company being charged with the duty of providing and maintaining safe appliances for use in the operation of a train of cars, if this duty is intrusted to an agent, such agent stands in the attitude of the master, and is not a co-employee with the brakeman.

The first paragraph of this complaint alleges and describes the unsafe condition of the brake, following with the averment, " Which unsafe and defective condition of said brake, brake-staff and screw was unknown to said David L. Pearcy, and which brake, brake-staff and screw the defendant negligently and carelessly used in its said business on said day, and for many days prior thereto."

It is further averred that the injury occurred without fault or negligence on the part of Pearcy, or the plaintiff. There are no averments to show that the employer, Pearcy, had ever used or seen the car-brake, which was defective prior to the injury, and that the injury occurred while in the discharge of his duty attempting to set, or let off said brake while the train was in rapid motion. There are no facts stated in the paragraph showing that the employee had any actual notice of the defect in the brake, or which would impute to him knowledge of such defect, but it is expressly averred that such defect was unknown to him, and the complaint is clearly sufficient in so far as it is necessary to aver the want of negligence on the part of the employer. It is not necessary, in a suit for damages by an employee against the employer, to aver in the complaint facts showing affirmatively that the employee had no means of ascertaining the defect. It being the duty of the master to provide suitable and proper appliances, the employee had the right to rely on the master having discharged his duty in this respect, and he

is not bound to search for defects, nor is he required to aver facts in his complaint showing that he had no means of knowledge ; but it is sufficient to aver that he had no knowledge of such defect. Particularly this is true where, as in the complaint in this case, no facts appear from which knowledge of such defects can be imputed to him.

It is further objected that there is no affirmative averment in this paragraph that the appellant company actually knew of the defective and dangerous condition of the brake. In the case of *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151, the alleged injury occurred on account of an iron splinter allowed to remain protruding from the iron rail. The averments of the complaint were that "the bottom of plaintiff's pantaloons upon his right leg was pierced by a sharp piece of iron negligently left by defendant projecting from the rail of defendant's said road, which defendant at said place had negligently and carelessly suffered to get and remain out of repair." Of this averment the court says : "The contention on the part of appellant's counsel, amongst other things, is, that it is not alleged that appellant knew, or with reasonable care might have known, of the unsafe condition of the rail, and that it is not alleged that appellee did not know, or with reasonable care might not have known, that the rail was in an unsafe condition. Upon the hypothesis that the *gravamen* of the action is alone the negligence of appellant in connection with the rail, and that to constitute negligence in that regard it is essential that appellant knew, or with reasonable care might have known, of its unsafe condition, still, the general averment that appellant negligently left the sliver or splint, projecting from the rail, is sufficient under many decisions of this court. * * * And so, too, in relation to the general averment that appellee was without fault or negligence."

In the case of *Cleveland, etc., R. R. Co.* v. *Wynant*, 100 Ind. 160, it is said : "It is settled by the decisions of this

court, that a general allegation of negligence is sufficient to withstand a demurrer to the complaint for the want of facts; and that, under such allegation, the facts constituting negligence may be given in evidence."

The complaint, in the case at bar, charges that: "Which brake, brake-staff and screw the defendant negligently and carelessly used in its said business on said day and for many days prior thereto." The previous averments in the complaint describe the brake, brake-staff and screw, which came apart and caused the injury, alleging that they were "unsafe, defective and out of repair, in this, that the threads of the screw on top of the brake-staff of said brake had become and were worn and battered so that said threads would not hold a nut securely so as to keep the brake-wheel on said brake-staff when the said wheel was grasped to let off brakes."

The fair construction to be put upon the averment of the complaint in relation to the negligence of the appellant is, that the appellant used the brake in that worn, battered and unsafe condition, in its business, on the day of the injury and for many days prior thereto. The car is described as one of the appellant's own cars and the averments show the defective condition to have been the result of wear and battering. It was the duty of the appellant to inspect its cars, and the averment in this paragraph that it negligently and carelessly used this brake, brake-staff and screw in its business, on said day and for many days prior thereto, is sufficient to withstand a demurrer.

The demurrer admits the truth of the allegations in the paragraph. It admits that the brake was defective as alleged. It admits that the appellant negligently used such defective brake in its business upon the day of the injury and for many days prior thereto, and that the deceased had no knowledge of such defect, and the injury occurred without his fault or negligence.

There was no error in overruling the demurrer, and the

complaint being good, as against a demurrer, it was good after judgment to withstand a motion in arrest.

The averments of the second and third paragraphs of the complaint are equally as strong as the averments of the first.

They each charge knowledge of the defective condition of the brake on the part of the appellant.

We do not deem it necessary to set out these paragraphs, for, under the rules we have stated as applicable to the first paragraph, each is sufficient. *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566.

It is contended that a new trial should have been granted for the reason that the evidence does not sustain the verdict. If there is some evidence supporting each of the material averments of the complaint, then the evidence supports the verdict, and this court will not reverse a judgment on account of the insufficiency of the evidence. This has been the long settled law of this State as enunciated by the decisions of this court and by them we must be governed.

In the light of this rule we have considered the evidence. We do not think any good purpose would be subserved by extending the decision to discuss and analyze it ; we think it sustains the verdict of the jury.

It is also contended that the court erred in giving and refusing instructions.

We have read and considered the instructions given and those asked by the appellant and refused by the court. They present no questions of law but what have heretofore been settled by this court, and no good can be accomplished by setting them out.

The instructions given are carefully drafted, and state the law of the case correctly. They fully cover all phases of the law applicable to the facts.

The first instruction asked by the appellant and refused tells the jury what weight they shall give to certain evidence. This was erroneous. The jury are the judges of the weight of the evidence.

The second states the law to be that the car inspectors are the co-employees of the brakeman. This is not the law.

The third tells the jury that it was the duty of the deceased to know whether or not the brakes and brake-staffs upon the train upon which he was working were in good and safe condition, and if he undertook to use or operate the brake upon the car from which he fell without informing himself as to whether it was in a good and safe condition for use, and it proved to be unsafe, and because of its infirmity he was thrown from the car and lost his life, then his negligence contributed to the injury, and the plaintiff can not recover. This instruction is contrary to all modern authority, and was properly refused.

The fourth states substantially the same principle of law as the third—that it was the duty of the deceased to examine the brakes upon all the cars before attempting to use them.

The fifth states substantially the same principle of law as the second, in regard to the car inspectors and brakemen being co-employees. And the sixth assumes that the evidence establishes a fact, and then states what was the duty of the deceased in view of the fact so assumed to exist, and there was no error in refusing it.

The court committed no error in giving or refusing instructions.

It is further contended that the court erred in overruling the appellant's motion for judgment in its favor notwithstanding the general verdict.

The answers to interrogatories are not inconsistent with the general verdict. They find the brake to be defective, that the screw had rusted so as not to hold the wheel upon the top of the staff, and that the car inspectors neglected their duty, and did not inspect it, that the injury occurred on account of this defect.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 30, 1891.