Matchett *v.* The Cincinnati, Wabash and Michigan Railway Company.

Filed Oct. 4, 1892.

---

No. 15,304.

## MATCHETT *v.* THE CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY.

RAILROAD.—*Injury to Brakeman.—Defective Brake.—Contributory Negligence. —General Verdict.—Answers to Interrogatories.*—A brakeman instituted an action against a railroad company to recover damages for injuries alleged to have been occasioned by a defective brake. The complaint alleged that the defect was unknown to the plaintiff, but that it was known to the defendant. The defendant claimed that under the rules of the company it was plaintiff's duty to inspect the brake; that the railroad company had no knowledge of the defect, nor means of knowledge, and that the plaintiff both had the means of knowledge, and was bound to know of the defective brake. A general verdict was returned for the plaintiff. The jury also returned answers to a number of interrogatories submitted to them.

*Held,* that the general verdict in favor of the plaintiff was in effect a finding that there was negligence on the part of defendant, and that the defect in the brake was not a risk assumed by the plaintiff as an incident to his employment, and that plaintiff had no knowledge of the defective brake.

Matchett *v*. The Cincinnati, Wabash and Michigan Railway Company.

*Held,* also, that the general verdict on these questions was conclusive, as the answers to interrogatories were not utterly irreconcilable therewith.

SAME.—*Conflicting Answers to Interrogatories.—Effect of.*—Where the answer to one of the interrogatories stated that the defect in the brake could have been readily discovered by the plaintiff, and the answer to another interrogatory stated that it was not shown whether the defect could have been discovered had an examination been made, the answers neutralized each other, leaving the general verdict decisive that the plaintiff was free from contributory negligence.

VERDICT.—*Contradictory Answers to Interrogatories.— What General Verdict Finds.*—Answers to interrogatories can not control the general verdict if they are contradictory, although the verdict may be in irreconcilable conflict with some of the answers. If, however, the answers state fully and without material contradiction a fact which clearly defeats a recovery, the judgment must necessarily be against a plaintiff who is compelled to establish such a fact as an essential element of his cause of action. The general verdict finds all facts in favor of the party for whom it is given unless the answers affirmatively show that such facts do not exist or were not proved. Intendment will not be made in favor of the special answers.

PRACTICE.—*Argumentative Denial.—Overruling Demurrers to.*—Where a general denial is filed, and a second paragraph of answer is also filed, which is merely an argumentative denial, it is not error to overrule a demurrer to the second paragraph.

SAME.—*Judgment Upon Answers to Interrogatories.—Appellate Court not Bound to Direct.*—An appellate tribunal is not bound to direct judgment upon answers to interrogatories, but may, when justice requires, remand, with instructions to award a *venire de novo,* or grant a new trial.

From the Grant Circuit Court.

*H. Brownlee, W. H. Carroll, G. D. Dean, A. E. Steele* and *J. A. Kersey,* for appellant.

*C. E. Cowgill, C. E. Cowgill, Jr., H. B. Shively* and *H. C. Pettit,* for appellee.

ELLIOTT, J.—The substance of the appellant's complaint is this: He entered the service of the appellee as a brakeman, and his duties required him to set the brakes upon the trains on which he was required to work. On the 13th day of December, 1887, he was working on a freight train composed of many cars. He was signaled to set the brake. He undertook to discharge this duty in obedience to the signal,

at the time believing that the brake and appliances were "in order and not out of repair." The brake was defective and out of repair "in this, the ratchet upon the same, used to hold the brake when tightened, was loose and would not hold." It was necessary in setting the brake for the brakeman to place his foot against the ratchet so that it would catch the cogs, and hold the brake in place after the foot was removed. The brake was permitted to become unsafe and out of repair by the carelessness and negligence of the defendant. The defect in the brake was known to the defendant, but was not known to the plaintiff. The brake was properly set by the plaintiff, and relying upon the belief "that it was in proper condition he removed his foot from the ratchet and so soon as his foot was removed the brake-wheel revolved with great rapidity and force" and threw the plaintiff from the moving train causing him serious injury. To this complaint the appellee answered in two paragraphs. The first paragraph is the general denial, the second contains these material allegations: That the plaintiff entered the service of the defendant under a contract wherein he agreed to be bound by the rules of the company; that one of the rules made it the duty of the plaintiff to inspect the brake and its appliances, and other rules made it his duty to inspect the machinery of the train, and if found to be defective or out of repair to refrain from using it; that the defendant had no knowledge of the fact that the brake was out of repair prior to the happening of the accident; that the plaintiff did have the opportunity and means of knowing the condition of the brake, and it was his especial duty to have such knowledge. There are other allegations in the answer of the same general character as those we have outlined, but we deem it unnecessary to summarize them.

We regard the answer as a mere argumentative denial, and thus regarded there was no error in overruling the demurrer. It certainly denies the material allegation of the

complaint that the plaintiff did not know the condition of the brake, as well as other important allegations.

The general verdict was in favor of the appellant, but the trial court rendered judgment upon the answers of the jury to the special interrogatories addressed to them, so that the principal questions arise upon the facts exhibited in the answers of the jury. In answer to the second interrogatory it is stated that the plaintiff received a copy of the defendant's rules, and agreed to observe them. In the answer to the third and fourth interrogatories the jury gave the plaintiff's age at the time of entering the defendant's service, putting it at thirty-two years, and they declare that he was a man of ordinary capacity in full possession of his faculties. The answer to the fifth interrogatory shows that the brake was out of order because the " pawl was loose." The answer to the sixth interrogatory is that " the brake fixtures were of a pattern in general use by first-class railroad companies, and when in repair was a good and sufficient brake." The car to which the brake was attached is shown by the answer to the sixth interrogatory to have been made part of the train on the day of the accident. The answers to the eighth and ninth interrogatories show how many cars were in the train at Elkhart and Urbana. By the answers to the ninth and tenth interrogatories the car is shown to have come under the charge of the plaintiff at Elkhart, and to have been upon other roads until it came into his charge for thirty days. The jury were asked by the eleventh interrogatory if the defect in the brake, if there was any, could not have been readily observed by the plaintiff, and they answered, " Was not shown." In answer to the twelfth interrogatory the jury declared that it was the plaintiff's duty, according to the company's book of rules, to examine the brake and ascertain if it was in repair and fit for use. The number of stations the train stopped at was asked for in the thirteenth interrogatory, but the jury answered that this was not shown.

The answer to the fourteenth interrogatory asserts that the plaintiff did not make any examination of the brake or appliances when it was taken into the train at Elkhart.

The fifteenth interrogatory asked the jury to find how long it was after the plaintiff and his train crew took charge of the train at Elkhart until the train left that place, and the jury answered that it was not shown. In answer to the sixteenth, twentieth and twenty-third interrogatories, the jury stated that the train stopped at Goshen about thirty minutes, at Warsaw about the same length of time, and at North Manchester about thirty-five minutes. The answer to the twenty-fifth interrogatory shows that the plaintiff did not examine the brakes at any of the stopping places, and the answer to the twenty-sixth interrogatory is substantially to the same effect. The answer to the twenty-eighth is to the effect that if the plaintiff had made the examination required of him, the defect could have been readily discovered. The answer to the twenty-ninth interrogatory is, in effect, the same as the answer to the twelfth, and the answers to the thirtieth and thirty-first declare that no report was ever made by the plaintiff of the condition of the brake until after the accident.

The jury, in answer to the thirty-second interrogatory, say that it " is not stated " whether the plaintiff had as much knowledge of the condition of the brake as the defendant. In the thirty-third interrogatory the jury were asked what means the defendant had of knowing that the brake was out of repair, and they answered, " Not given." The answer to the thirty-fourth interrogatory is that the defendant had no actual knowledge of the brake being out of repair, and the answer to the thirty-fifth interrogatory is to the same effect.

It is necessary to consider some questions of practice presented by the appellant's counsel before entering upon a discussion of the principal questions in the case, inasmuch as those questions of practice relate to the construction of the answers to the interrogatories and their influence as against

the general verdict. It is undoubtedly true, as appellant's counsel assert, that if there is no irreconcilable conflict between the general verdict and the special answers, the former must prevail, and it is likewise true that intendment will not be made in favor of the special answers. It is also true that the answers to the interrogatories can not control the general verdict if they are contradictory, although the verdict may be in irreconcilable conflict with some of these answers. See authorities cited in Elliott's Appellate Procedure, section 752. It is, however, to be kept in mind that if the answers to the interrogatories state fully and without material contradiction a fact which clearly defeats a recovery, the judgment must necessarily be against a plaintiff who is compelled to establish such a fact as an essential element of his cause of action. *Korrady* v. *Lake Shore, etc., R. W. Co.*, 131 Ind. 261. See authorities cited in Elliott's Appellate Procedure, section 753, note 1.

It is proper to say in this connection that the appellee's counsel are in error in assuming that the absence from the special answers of facts essential to a recovery justifies the conclusion that the plaintiff failed to prove such facts. This view is founded on a radical error, for the rule is that the general verdict finds all facts in favor of the party for whom it is given, unless the answers affirmatively show that such facts do not exist or were not proved. *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Rogers* v. *Leyden*, 127 Ind. 50 (59). If the facts stated in the answers of the jury show that the fault of the plaintiff proximately contributed to his injury, then there can be no recovery, and the ruling of the trial court was right even if it be conceded that the defendant was guilty of negligence in not providing the plaintiff with a safe working place and appliances. To the question of the appellant's contributory fault we first address our discussion.

It is settled law that it is an employer's duty to make reasonable rules for the conduct of business, and it is equally settled that an employee who contracts to obey those rules

and perform service under them is in fault if he does not do what they require. *Pennsylvania Co.* v. *Whitcomb*, 111 Ind. 212, and authorities cited. In this instance the employee contracted with express reference to the rules of the company, so that there can be no question as to their operation upon him. If he disobeyed the rules, and his disobedience proximately contributed to the injury, he has no cause of action. The only question, therefore, which fairly admits of debate is as to whether the fault of the appellant in failing to examine the brake, as it was his duty to do, proximately contributed to his injury. The nature of the cause of the accident is, probably, such as would lead, in the absence of a general verdict, to the inference that the defect could have been discovered upon inspection, but this inference we can not make as against the general verdict, since we can make no intendments in support of the answers to the interrogatories. The answer to the twenty-eighth interrogatory, although there is a modifying clause, may be fairly construed as declaring that the defect in the brake could have been readily discovered, and if this answer could be regarded as standing uncontradicted, there would be no great difficulty in holding that the plaintiff's fault in failing to make an inspection contributed to his injury, for we think it clear that where an employee agrees, as part of his duty, to make an inspection of an appliance placed in his especial charge, and there is a defect that an ordinarily careful inspection would have revealed, his fault in failing to make the inspection may be deemed the proximate cause of an injury resulting from the defect. Where, however, the defect is not such as an ordinary inspection would have revealed, it can not be assumed, as against a general verdict, that the fault proximately contributed to the injury. This we say (to make explicit what is always implied) with reference to the case before us, and as applicable to the duties of a brakeman. To that class of employees we limit our statement, for we do not intend to hold that there may not be a class of employees

whose failure to inspect will defeat a recovery, although the defect may be one not open to view or discoverable upon an ordinary inspection.

It is evident that a brakeman receiving a car into a train out on the road can not be held to the same degree of care as a regular inspector or a man in a shop properly supplied with tools. But the twenty-eighth answer does not stand alone, so that we can not fully apply the rules we have stated. The answer to the eleventh interrogatory, as we have seen, declares that whether the defect could have been discovered had an examination been made " was not shown." If it was not shown, then, it was, so far as this case is concerned, as if no discovery could have been made, for as the general verdict was for the plaintiff, all material facts not stated in the answers must be deemed to have been found in his favor. We can not escape the conclusion that the one answer nullifies the other, and leaves the general verdict effective upon the point covered by the interrogatories. As the plaintiff has the general verdict in his favor, and as the answers are antagonistic, we can not say from the mere fact that the plaintiff did not make an inspection, that there was such contributory negligence as bars a recovery. The case is not that of a special verdict, but of answers to interrogatories relied upon to defeat a general verdict, and we can not assume, or infer, as against the general verdict, that the fault of the plaintiff proximately contributed to his injury.

It has been held many times that it is not sufficient that there be some fault or negligence on the part of the plaintiff, for there may be fault that does not contribute to the injury. *Nave* v. *Flack*, 90 Ind. 205 (211) ; *Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43, 48 (32 Am. R. 94). Judge Cooley's statement of the rule is this : " The negligence that will defeat a recovery must be such as proximately contributed to the injury." Cooley Torts, 679. In the case of *Pennsylvania Company* v. *Whitcomb, supra*, many authorities were cited to the effect that the failure

to obey a rule does not necessarily authorize the inference that the fault of an employee in disobeying proximately contributed to the injury received by him.

The next question requiring consideration is whether the plaintiff assumed the risk of the breaking of the pawl, or ratchet, as an incident of the service into which he voluntarily entered. Here, again, we encounter the general verdict with its wide effect, and are required to decide the question stated upon the facts contained in the answers of the jury under the rule that the verdict finds material facts in favor of the plaintiff except so far as the answers state facts antagonistic to the verdict. The question does not come to us, it is proper to say, as the question came in the case of the *Chicago, etc., R. R. Co.* v. *Fry*, 131 Ind. 318. We can find no specific fact which authorizes us, as against the general verdict, to adjudge that the appellant assumed the danger of the breaking of the pawl or ratchet as one of the perils of his employment. If there were no general verdict we might, perhaps, adjudge that the peril was incident to the service, but the general verdict stands in the way, and we can not so adjudge, since we can not say that the defect was not one against which it was the employer's duty to provide. We fully recognize the rule that there are perils incident to the service a brakeman enters which he assumes, and we fully approve the doctrine of such cases as *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18; *Jenney, etc., Co.* v. *Murphy*, 115 Ind. 566; *Umback* v. *Lake Shore, etc., R. W. Co.*, 83 Ind. 191; *Lake Shore, etc., R. W. Co.* v. *McCormick*, 74 Ind. 440; *Brazil, etc., Co.* v. *Hoodlet*, 129 Ind. 327; *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20. But, while we fully recognize the rule stated, we can not be unmindful of the established rule that the employer must use reasonable care to provide his employees with a safe working place and appliances. *Ohio, etc., R. W. Co.* v. *Pearcy*, 128 Ind. 197; *Rogers* v. *Leyden*, 127 Ind. 50; *Louisville, etc., R. W. Co.* v. *Corps*, 124 Ind. 427; *Taylor* v. *Evansville*,

Matchett v. The Cincinnati, Wabash and Michigan Railway Company.

etc., R. R. Co., 121 Ind. 124; Cincinnati, etc., R. W. Co. v. Lang, 118 Ind. 579, and authorities cited. Nor can we be unmindful of the rule that the employee's duty requires him to exercise reasonable care to keep appliances in repair as well as to furnish safe ones in the beginning. Indiana Car Co. v. Parker, 100 Ind. 181. We know, also, that upon the employer rests the duty of making a reasonable inspection. Ohio, etc., R. R. Co. v. Pearcy, supra; Cincinnati, etc., R. R. Co. v. McMullen, 117 Ind. 439; Northern Pacific, etc., R. R. Co. v. Herbert, 116 U. S. 642. It is true there is said to be a difference between the duty of a railroad company to inspect cars received from other companies and the duty to inspect its own cars and appliances. Cincinnati, etc., R. R. Co. v. McMullen, supra. But, granting that there is such a difference, it would not affect this case, inasmuch as the car on which the appellant was injured was owned by the appellee. At all events we can not hold, as against the general verdict, that the facts stated in the answer are such as require the conclusion that the appellant assumed dangers arising from the employee's breach of duty. That there was such a breach of duty the general verdict asserts, and there are no facts stated that are utterly irreconcilable with that assertion.

The appellee's counsel tacitly assume that the special answers show that the employee had knowledge of the defect, but this, as we have elsewhere indicated, is an undue assumption. The general verdict necessarily finds that the appellant had no knowledge of the defect, since this is directly and explicitly alleged in the complaint. This allegation was an essential one. It has often been decided that an employee who sues the employer must aver that he did not know of the defect in the appliances furnished him which caused his injury. Louisville, etc., R. R. Co. v. Corps, supra; Louisville, etc., R. W. Co. v. Sandford, 117 Ind. 265; Brazil, etc., Co. v. Young, 117 Ind. 520; Lake Shore, etc., R. W. Co. v. Stupak, 108 Ind. 1; Indiana, etc., R. W. Co. v.

*Dailey,* 110 Ind. 75; *Philadelphia, etc., R. R. Co.* v. *Hughes,* 119 Pa. St. 301; *Wilson* v. *Winona, etc., R. R. Co,* 37 Minn. 326; *Gaffney* v. *New York, etc., R. R. Co.,* 15 R. I. 456.

It is probably true that where the means and opportunities of knowledge are equally open to employer and employee they stand on common ground, and that the employee can not, in such a case, maintain an action against his employer. *Brazil, etc., Co.* v. *Hoodlet, supra* (p. 333); *Griffin* v. *Ohio, etc., R. W. Co.,* 124 Ind. 326; *Ballou* v. *Chicago, etc., R. W. Co.,* 54 Wis. 257 (5 Am. & Eng. R. W. Cases, 460). But we are compelled to say here, as we have so often said in reference to other points, that the general verdict forbids us from assuming that the appellant and the appellee stood on common ground. There are no facts not reconcilable with the general verdict authorizing us to adjudge that the means and opportunities of knowledge were equal. We can not conclude from the nature of the defect in the brake that it was not a latent one which only a minute inspection would reveal. For anything that appears, the opportunities for knowledge on the part of the employer were far superior to those of a brakeman engaged at work upon a train, moving over the road. We can not say precisely what he was doing, or was bound to do, either while the train was in motion or was stopping at the various stations, although we do know, as matter of common knowledge, that a brakeman on a train out upon the road necessarily has other duties to perform than those of inspection.

The general verdict necessarily decides that the appellee was negligent and that the appellant was not guilty of contributory negligence. We can not, as appellee's counsel ask us to do, adjudge that the facts stated in the answers so clearly show negligence as to require us to declare that they are so invincibly hostile to the general verdict as to demand its overthrow. *Fort Wayne, etc., R. R. Co.* v. *Beyerle,* 110 Ind. 100, and cases cited.

Our judgment is that the trial court erred in awarding

judgment on the answers to the special interrogatories. We are clearly of the opinion that justice requires a new trial, since it is evident that some material interrogatories are evasively answered, and responses to others inadequate and unsatisfactory. It is well settled that the appellate tribunal is not bound to direct judgment upon answers to interrogatories, but may, when justice requires, remand with instructions to award a *venire de novo* or to grant a new trial. *Stuart* v. *Patrick*, 5 Ind. App. 50 ; *McAfee* v. *Reynolds*, 130 Ind. 33. See authorities cited in Elliott App. Proc., section 563, note 2.

Judgment reversed, with instructions to the trial court to award a new trial.

Filed Sept. 14, 1892.