# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1894, IN THE SEVENTY-NINTH YEAR OF THE STATE.

———————◆———————

No. 16,861.

NEUTZ *v.* JACKSON HILL COAL AND COKE COMPANY.

NEGLIGENCE.—*Of Fellow Servant.—Vice-Principal.—Defective Cars Furnished for Shipping Purposes.—Master and Servant.—Personal Injury.* —Where cars furnished to a coal and coke company, for shipping purposes, were defective, in that the brakes were worn out, and in some instances entirely wanting, the cars being placed on the grade above the "tipple," or place of loading, the defective cars being placed between other cars, and in moving a car down near to the "tipple," by servants of the coal and coke company, whose duty it was to inspect and test the brakes on the cars so as to see that they could be let down to a point near the "tipple" in safety, a car with defective brakes, and otherwise unsecured, followed at a high rate of speed, striking the car in charge of said servants, and driving it into collision with that upon which another servant was engaged in loading, thereby inflicting injuries upon him,—the failure to inspect, to set brakes, or to block the wheels was negligence in the use of, and not in the supplying of, instrumentalities, and was consequently the negligence of fellow servants, and not of vice-principals. The extent of the coal and coke company's control over the cars was in the use of them for loading coal, and it was not responsible to the injured servant, or any one else, for their sufficiency as a means of transportation.

(411)

MASTER AND SERVANT.—*Extra Hazard.*—*Not in Issue.*—*Finding Disregarded.*—Where the question of extra hazard is not in issue, a finding as to that fact by the jury must be disregarded.

From the Sullivan Circuit Court.

*W. C. Hultz, W. R. Nesbit, J. T. Beasley, A. B. Williams, B. K. Elliott, W. F. Elliott* and *G. W. Buff*, for appellant.

*J. S. Bays, S. O. Pickens, S. N. Chambers* and *C. W. Moores*, for appellee.

HACKNEY, C. J.—The questions presented by the record in this case arise upon the action of the trial court in rendering judgment for the appellee upon the special verdict of the jury. By said verdict the jury found that the appellee was engaged in mining and shipping coal, and for its convenience in said business it had constructed a switch or short line of railway from the Evansville and Terre Haute Railway to and for a short distance beyond its mines. The grade of said line from said mine outward was so inclined that when cars were placed upon it, beyond the mines, they would, by their own weight, run back to the mines when not restrained by brakes or other obstruction. At the mines the appellee had erected a shed and "tipple" or dumping machinery on the line of said switch in such manner ,as to extend out over the track and from which cars were loaded with coal from the mines.

On the 14th and 15th days of May, 1891, the appellee procured several cars to be run in upon said switch beyond the mines, four of which cars had either badly worn or broken brakes, or had none to hold them in place and prevent their return down the track to the mines, and that up to the morning of the 16th day of May they were held back by another car. Prior to said 15th day of May the appellant had been in the employ

of the appellee, his work consisting of digging, cutting and shoveling under ground in the mine. On that day he was required to assist in loading cars from said coal shed, and said work was continued into the 16th day of the month. Said work, it is found, was more dangerous than that he had previously done; "that on the 16th day of May, 1891, and for some time prior thereto, the defendant had duly authorized and employed George Prudo and Elisha Burress, agents and servants of defendant, to move cars standing on said branch railroad or switch, beyond said mine, to a point near to said 'tipple' where they were to be taken and loaded with coal; and during said time the said Prudo and Burress were duly and legally employed by defendant to examine, investigate, inspect, and test the brakes on said cars so as to see that said cars could be let down said branch railroad or switch to said point near said 'tipple', in safety, and to secure and safely fasten all cars standing on said branch railroad or switch, so that the work around and under said 'tipple' could be carried on in safety; that said Prudo and Burress, on said 16th day of May, 1891, had no control over the plaintiff or his work, nor had the plaintiff any control over said Prudo and Burress, or their said work on said day; that on said 16th day of May, 1891, * * while plaintiff was in said car in pursuance of his said work, under the directions of the defendant, as aforesaid, the said George Prudo and Elisha Burress went to where said cars were situated on said branch railroad or switch, as aforesaid, a distance of one hundred yards from where said plaintiff was at work, for the purpose of letting one of said cars down said switch to a point near where plaintiff was at work, so that it should be loaded with coal; that said Prudo and Burress failed to properly and carefully investigate, inspect or test the condition of the brakes on said cars; that if said Prudo

and Burress, or either of them, had properly and carefully inspected or tested said brakes, they could easily have seen and known that the brakes on the two cars next behind the one to be let down to the 'tipple' were worn out and useless, and that there were no brakes at all on said box car, and that said cars would not stand on said inclined branch railroad or switch when said front car was removed from them down said switch"; that said defective cars could have been detained where they had been standing by placing a chock under their wheels, to have done which was suggested by ordinary care and prudence; that said first car was permitted by said Prudo and Burress to run down the switch without securing said other cars when, without appellant's fault or negligence, said other cars followed at a high rate of speed, striking said first car and driving it into collision with that upon which the appellant was engaged, thereby throwing him from said car and inflicting the injuries complained of.

Other facts are found excusing the appellant from contributory fault.

The special verdict, upon the argument of the parties, presents but two questions: Did the greater dangers of loading cars, over those of working down in the mines, enhance the appellant's right of recovery? and was the negligence of noninspection, which unquestionably occasioned the injury, the negligence of fellow servants or of vice-principals?

Upon the issues there was no question presented as to the extra hazards of the service in which the appellant was injured, and that finding by the jury must be disregarded. *Brown* v. *Will*, 103 Ind. 71; *Thomas* v. *Dale*, 86 Ind. 435; *Town of Cicero* v. *Clifford*, 53 Ind. 191; *Boardman* v. *Griffin*, 52 Ind. 102; *Hasselman* v. *Carroll*,

102 Ind. 153; *Chicago, etc., R. W. Co.* v. *Burger*, 124 Ind. 275.

The finding, however, is not that such hazards were greater than the appellant had contracted to perform but simply that they were greater than those of the service he had been performing. If, therefore, the question had been in issue it is probable that the finding would have been insufficient, since extra hazards are necessarily those not contemplated by the contract of employment.

The second question is not entirely free from embarrassment, and requires careful discrimination. The appellant insists that the duty of the master to provide for the servant a safe working place made it a part of the master's duty to inspect the cars, and guard its servants against injury from defects therein, and that such duty could not be delegated to one who, in performing it, would stand in the relation of a fellow-servant. That this is the ordinary rule there can be no doubt, when considered with relation to appliances and instrumentalities of the service provided by the master. *Chicago, etc., R. R. Co.* v. *Fry, Admx.*, 131 Ind. 319; *Ft. Wayne, etc., R. R. Co.* v. *Gruff*, 132 Ind. 13; *Ohio, etc., R. W. Co.* v. *Pearcy, Admx.*, 128 Ind. 197; *Cincinnati, etc., R. R. Co.* v. *McMullen, Admr.*, 117 Ind. 439.

These cases have special application to car inspection, while the following, cited by the appellant, apply the general rule above suggested. *Nall, Admx.,* v. *Louisville, etc., R. W. Co.*, 129 Ind. 260; *Louisville, etc., R. W. Co.,* v. *Graham, Admr.*, 124 Ind. 89; *Taylor* v. *Evansville, etc., R. R. Co.*, 121 Ind. 124; *Brazil Block Coal Co.* v. *Young*, 117 Ind. 520.

The appellee does not question the general rule or the soundness of the special cases cited, but it is insisted that in the present case the master was not, in relation

to the defective cars, furnishing appliances and instrumentalities, and that therefore its only duty was to supply competent and skillful inspectors subjected to proper instructions; that this being done the master performed its full duty. To this contention is cited *Cincinnati, etc., R. R. Co.* v. *McMullen, supra.*

In that case, after stating the general rule, in its application to cases where the master furnished the cars or other instrumentalities of the service, it was said: "In respect to cars received by one railroad company from another in the course of transportation, since the duty of the receiving company is to receive and forward the cars over its road, the rule above enunciated is not applicable in its strictness. In such a case it may be said with much plausibility, that it is not the duty of the company to furnish appliances and instrumentalities, but to make proper inspection and give notice of defects if any are found, and that this duty is performed by the employment of * competent and skillful inspectors, who are subjected to proper rules and instructions. In cases of that class, it has been held that inspectors of cars, and those acting as brakemen, were fellow-servants within the common law rule. *Mackin* v. *Boston, etc., R. R. Co.*, 135 Mass. 201; *Keith* v. *New Haven, etc., Co.*, 140 Mass. 175; *Smith* v. *Flint, etc., R. W. Co.*, 46 Mich. 258; *Railroad Co.* v. *Fitzpatrick*, 42 Ohio St. 318."

As further supporting the distinction thus made the appellee cites *Thyng* v. *Fitchburg R. R. Co.*, 156 Mass. 13. See also Bailey's Master's Liability for Injuries to Servants, p. 279.

In the case before us it is not expressly found that the defective cars were furnished by the appellee, nor that they were furnished by another, but as we are not at liberty to aid the verdict in fixing liability by intendments we must presume the fact as most unfavorable to

the plaintiff. So presuming, we accept the finding as if it declared such cars to have been supplied to the appellee by another company and for temporary use in the appellee's shipping. We are, therefore, confronted with the question of the adoption or rejection of the distinction suggested in the case of *Cincinnati, etc., R. R. Co.* v. *McMullen, supra.*

In the present case the inspectors and the appellant occupied a relation to the appellee in all respects identical with that occupied by the inspectors and brakemen of railway companies handling cars of other companies in the course of the master's business. The cars came, not as instruments of the service supplied by the master, but as incidents of its business, and from the dependence of the master upon those not in any manner connected with such business or subject to the master's control. If the defects had been in the original construction of the cars it could not be said that such defects were chargeable to the negligence of the appellee, nor can it be said with greater reason that the ill repair was from the fault of the appellee, or that a duty rested upon the appellee to make the repairs. The extent of the appellee's control over the cars was in the use of them for loading coal, and it was not responsible to the appellant, or any one else, for their sufficiency as a means of transportation. The failure to inspect, to set brakes, or to block the wheels, when the first car was removed, was negligence in the use and not in the supplying of instrumentalities. One line of distinction between vice-principals and co-employes is in the duty, in one instance, to supply or maintain instrumentalities of the service, and in the other of using the instrumentalities supplied. Negligence in the first, though that of a servant, is the master's negligence, while in the second the negligence is

that of a fellow-servant. This distinction keeps in view the proposition that where the master himself partici-pates in the use, and the negligence is his own, he may not be said to be a fellow-servant.

We conclude that the exception to the general rule, as suggested in the *Cincinnati, etc., R. R. Co.* v. *McMullen, supra,* is applicable in this case, and supports the action of the lower court.

The case of *Hoosier Stone Co.* v. *McCain*, 133 Ind. 231, is not in conflict with our conclusion. There the dis-tinction here urged was not suggested or considered.

The judgment of the circuit court is affirmed.

Filed Oct. 9, 1894.

## On Petition for a Rehearing.

HACKNEY, J.—Appellant's learned counsel have sup-ported their petition for a rehearing by two able and elaborate briefs. They have discussed the two questions shown by the original opinion to have been presented by the record, namely, the extra hazards of the service in which the appellant was injured as compared with the service performed before, and the fellow-servant rule, as applied to inspectors of cars, furnished by a railroad company to a shipper, and an injured servant of such shipper.

The first proposition is discussed in both briefs with-out reference to or consideration of our opinion, origin-ally expressed, that no such question was made an issue by the complaint, and that the finding was not that the extra hazard was beyond that contemplated by the con-tract of employment.

In one of the briefs, counsel suggest that the court overlooked and failed to consider the question. We are constrained to believe that counsel have either not read

the court's opinion or that they have overlooked the decision of the question.

The proposition with reference to the fellow-servant rule has been again considered by us. A majority of our members adhere to the conclusion reached in the original opinion, while it is the opinion of a minority of the members that the original opinion went quite as far as possible in the direction of appellant's position, and that the correct rule would not even require a shipper, obtaining a car from a railroad company for loading stock, grain, coal or other material, to supply inspection in order to protect himself from liability to his servant who is injured from defects in the car while assisting in such loading.

While the writer does not accept that view of the present case, it must be admitted that if a farmer takes hogs to a railway for shipment in the company's car, it is reasonable and the theory plausible that he should not be required, at the hazard of liability, to inspect the car for the protection of his servant who aids him in loading the stock.

The petition is overruled.

Filed Dec. 21, 1894.