MICHIGAN CENTRAL R. R. Co. v. PATRICK AUSTIN.

*Risks of employment—Injury to railroad employee.*

A switchman while standing on the foot-board of a tender that was backing on a side-track, let go the hand-rail to shift his lantern from one hand to the other, and was thrown off by a jerk caused by a worn rail left there by his fellow employees, the trackmen. He had full means of knowing the condition of the track, and the custom of the road as to using worn rails for side-tracks. *Held* that the risk was one of the ordinary risks of his employment, and that he had no ground of recovery.

Error to Saginaw. Submitted October 22, 1878. Decided January 28, 1879.

TRESPASS ON THE CASE. Defendant brings error.

*Benton Hanchett* and *G. V. N. Lothrop* for plaintiff in error. Where the inference of contributory negligence is the only one that can be drawn from the facts, there is only a question of law for the court, *Lake Shore & Mich. Southern R. R. Co. v. Miller*, 25 Mich., 274; *Mich. Cent.*

*R. R. Co. v. Coleman*, 28 Mich., 457; *Mich. Cent. R. R. Co. v. Campau*, 35 Mich., 468; *Kelly v. Hendrie*, 26 Mich., 255; *Ft. Wayne, Jackson & Saginaw R. R. Co. v. Gildersleeve*, 33 Mich., 134; *Lyon v. Detroit, Lansing & Lake Michigan R. R. Co.*, 31 Mich., 429; *Railroad Co. v. Jones*, 95 U. S., 439; *Pleasants v. Fant.*, 22 Wall., 116; *Gavett v. M. & L. R. R. Co.*, 16 Gray, 501; *Fletcher v. A. & P. R. R. Co.*, 64 Mo., 484; *Pennsylvania R. R. Co. v. Zebe*, 37 Penn. St., 420; *Siner v. Gt. Western Ry. Co.*, L. R. 3 Exch., 150; *Weber v. N. Y. C. & H. R. R. R. Co.*, 58 N. Y., 455; *Reynolds v. N. Y. C. & H. R. R. R. Co.*, id., 248; *Belton v. Baxter*, 54 N. Y., 245; *Morrison v. Erie Ry. Co.*, 56 N. Y., 302; *Gibson v. Erie Ry. Co.*, 63 N. Y., 449; *Hoyt v. Hudson*, 41 Wis., 105; *Wood v. Andes*, 18 N. Y. Sup'r Ct., 543; *Ill. Cent. R. R. Co. v. Patterson*, 69 Ill., 650; *Pierce v. Whitcomb*, 48 Vt., 127; *Gribble v. Sioux City*, 38 Ia., 390; *Delaney v. Mil. & St. Paul R. R. Co.*, 33 Wis., 67; *Maher v. A. & P. R. R. Co.*, 64 Mo., 274. Where a railroad employee is injured by a defect in the track of which he has full knowledge, he cannot recover, *Davis v. D. & M. R. R. Co.*, 20 Mich., 126; *Ladd v. New Bedford R. R. Co.*, 119 Mass., 412; *Hayden v. Smithville Mfg. Co.*, 29 Conn., 548; *McGlynn v. Brodie*, 31 Cal., 376; *Priestley v. Fowler*, 3 M. & W., 1; *Skip v. Eastern Counties Ry. Co.*, 9 Exch., 223; *Dynen v. Leach*, 40 Eng. L. & E. 491; *Kroy v. Chicago, R. I. & P. R. R. Co.*, 32 Ia., 357; *Quaid v. Cornwall*, 13 Bush, 601; *Griffiths v. Gidlow*, 3 H. & N., 648. A railroad company does not guarantee the safety of its track, but only undertakes to use reasonable care in keeping it in repair, *Wright v. N. Y. C. R. R. Co.*, 25 N. Y., 562; *Muldoney v. Ill. Cent. R. R. Co.*, 36 Ia., 463. An employee of a railroad company cannot recover against the company for injuries caused by the neglect of fellow employees, (*M. C. R. R. Co. v. Leahy*, 10 Mich., 199; *Mich. Cent. R. R. Co. v. Dolan*, 32 Mich., 510; *Warner v. Erie Ry. Co.*, 39 N. Y., 468; *Malone v. Hathaway*, 64 N. Y., 5; *Seaver v. Bost. & Me. R. R. Co.*, 14 Gray, 466;

*King v. Bost. & Worcester R. R. Co.*, 9 Cush., 112; *Gilman v. Eastern R. R. Co.*, 10 Allen, 233; *Searle v. Lindsay*, 103 Eng. C. L., 428; *Hard v. Vt. & Canada R. R. Co.*, 32 Vt., 473; *Wonder v. B. & O. R. R. Co.*, 32 Md., 411; *R. R. Co. v. Webb*, 12 Ohio St., 475; *Hall v. Johnson*, 3 H. & C., 589; *Brown v. Accrington Co.*, id., 512; *Waller v. S. E. Ry. Co.*, 2 id., 101) unless an employee wrongfully requires another to do dangerous work not in the line of his employment (*Chicago & Northwestern R. R. Co. v. Bayfield*, 37 Mich., 205) or the employer's authority is delegated to the servant who causes the injury, *Marquette & Ontonagon R. R. Co. v. Taft*, 28 Mich., 298; *Flike v. Bost. & Alb. R. R. Co.*, 53 N. Y., 549; *Mullan v. Phil. & Southern Mail Steamship Co.*, 78 Penn. St., 25.    See *Williams v. Clough*, 3 H. & N., 258; *Assop v. Yates*, 2 H. & N., 768; *McMillan v. S. & W. R. R. Co.*, 20 Barb., 453; *Owen v. N. Y. Cent. R. R. Co.*, 1 Lans., 110; *Laning v. N. Y. Cent. R. R. Co.*, 49 N. Y., 534; *Devitt v. Pacific R. R.*, 50 Mo., 305; *Sullivan v. Ind. Mfg. Co.*, 113 Mass., 399; *I. & C. R. R. Co. v. Love*, 10 Ind., 554; *Thayer v. St. L., A. & T. H. R. R. Co.*, 22 Ind., 27; *M. R. & L. E. R. R. Co. v. Barber*, 5 Ohio St., 564.

*Dan P. Foote & John McDonald* for defendant in error. It is the duty of a railroad company to keep its tracks in condition for use, and the public have a right to rely on the performance of this duty, *Gibson v. Pacific R. R. Co.*, 46 Mo., 163.    Where there is any question as to the facts they must go to the jury, *Detroit & Mil. R. R. Co. v. Van Steinburg*, 17 Mich., 99; *Grand Rapids & Ind., R. R. Co. v. Judson*, 34 Mich., 506.

CAMPBELL, C. J.    We think plaintiff below had no ground of recovery.    The accident which happened to him occurred from his being thrown off a foot board on the rear of a tender while backing up.    This board was a narrow board which the switchmen were accustomed to get on and off while coupling and uncoupling cars and

40 MICH.—32.

opening and closing switches. It had a bar above it intended for them to hold on to to keep their footing and Austin had let go this bar to shift hands in holding his lantern when he was thrown off by a jerk which he supposed was caused by striking a rail which had lost a portion of its surface and thus became somewhat depressed.

Austin was a switchman employed daily at this place and with every means of knowledge of the track possessed by any body. He knew the track was rough and that defective rails were often put into the side-tracks which were not used for general business. He must have known that a road which was thus rough and uneven would entail serious risks on any one standing on such a narrow foot-board, unless he held on to the support provided.

Moreover, the whole fault, if there was any fault in the condition of this track, was due to the neglect, as he himself testifies, of the trackmen who were engaged in the same common service with himself. The risk of such a track was one of the ordinary risks connected with his employment. I do not think the evidence tends to show that it is negligent for a railroad company to use rough materials for its yard lines; and whether it was or not, Austin knew the ways of the road and ran the risks.

I think there was no evidence to go to the jury to maintain a recovery and that judgment should be reversed and a new trial granted.

GRAVES and COOLEY, JJ., concurred.

MARSTON, J. I think this case was properly submitted to the jury, as the evidence tended to sustain the plaintiff's case.