GEORGE P. SMITH v. HENRY C. POTTER, RECEIVER OF THE FLINT & PERE MARQUETTE RAILWAY CO.

*Railway companies—Injury from negligence of fellow employee—Forwarding cars—Inspections—Judicial notice of mode of railway management.*

A brakeman in coupling freight cars had his arm crushed by a loosened dead-wood on a car which had come from another road. It was the business of inspectors employed on both roads to see that cars transferred were in proper condition, and there was no claim or showing that they were not competent. *Held* that the inspector was a fellow servant of the brakeman and that the risk of error on his part was one of the risks of the brakeman's employment, and that the brakeman could not recover against the company for the injury.

Whether an action for a railway injury lies against the receiver of the company in whose employment it was incurred—Q.

The statutory requirement that every railroad shall impartially and diligently receive and forward the cars of other roads does not apply to cars unfit for passage, but means that no needless delays or hindrances shall be interposed, and that all precautions against the use of improper cars shall be adopted with reference to reasonable dispatch.

The court will take notice as part of the general knowledge of the business community that the railroads of the country conduct inspections under a system which all persons so employed as to be interested are presumed to understand.

Conductors and brakemen are fellow servants whose acts are not independent in such a sense as to separate them from each other in the line of dangers.

Actions by employees against their employer for injuries caused by fellow servants are based on the actual negligence of the defendant or of some representative who is held in law to personate him; and where the business requires the employment of many servants beyond the possible constant supervision of either the employer or of such representative, there can be no negligence without the failure to use such precautions in choosing agents and guarding against perils as diligent prudence and foresight require.

When a master has done all that can be reasonably required of him to prevent risks to his servants, he has done all that he owes them.

Error to Saginaw. Submitted June 9–10. Decided June 15.

TRESPASS on the case. Plaintiff brings error. Affirmed.

*Hanchett & Stark* and *H. J. Hoyt* for plaintiff in error. Negligence is a question of fact, wherever the facts are in dispute, where different inferences may be drawn from undisputed facts: *D. & M. R. R. v. Van Steinburg* 17 Mich. 123; *Lake Superior Iron Co. v. Erickson* 39 Mich. 499; *Grand Rapids & Ind. R. R. v. Martin* 41 Mich. 667; *Swoboda v. Ward* 40 Mich. 420; *Billings v. Breinig* 45 Mich. 65; *Teipel v. Hilsendegen* 44 Mich. 461; *Gahagan v. B. & L. R. R.* 1 Allen 190; *Gavett v. M. & L. R. R.* 16 Gray 508; *Hough v. Railway Co.* 100 U. S. 224; *Hart v. H. R. Bridge Co.* 80 N. Y. 622; *Ernst v. H. R. R. R.* 35 N. Y. 38; *Railroad v. Stout* 17 Wal. 663; *Ireland v. O. H. & S. P. R. Co.* 13 N. Y. 533; *Wolf kiel v. Sixth Avenue Ry. Co.* 38 N. Y. 49; *Phil. C. P. R. Co. v. Hemice* 92 Penn St. 431: 9 Rep. 689; *Penn. R. R. Co. v. White* 88 Penn. St. 327: 8 Rep. 379; *Mauerman v. Siemerts* 71 Mo. 101: 10 Rep. 639; *Eaton v. Fitchburg R. R.* 129 Mass. 364: 11 Rep. 52; *C., C. & C. R. R. v. Crawford* 24 Ohio St. 639; *M. & C. R. R. v. Picksley* id. 668; a railroad company is

bound to furnish safe cars to its workmen and cannot escape responsibility in that regard by delegating the duty to an inspector: Cooley on Torts 557–563; Whart. Negligence §§ 210–212; *Chic. & N. W. Ry. v. Swett* 45 Ill. 203; *Chic. & N. W. Ry. v. Jackson* 55 Ill. 496; *Smith v. C., M. & St. P. R. R.* 42 Wis. 526; *Wedgwood v. Chic. & N. W. R. R.* 41 Wis. 478: 44 Wis. 44; *Drymala v. Thompson* 26 Minn. 40: 8 Rep. 50; *Lewis v. St. L. & I. M. R. R.* 59 Mo. 495; *Ford v. Fitchburg R. R.* 110 Mass. 260; *Snow v. Housatonic R. R.* 8 Allen 446; *Killea v. Faxon* 125 Mass. 487; *Booth v. B. & A. R. R.* 73 N. Y. 40; *Flike v. B. & A. R. R.* 53 N. Y. 549; *Fuller v. Jewett* 80 N. Y. 52; *Cone v. D., L. & W. R. R.* 81 N. Y. 206; *O'Donnell v. Allegheny Valley R. R.* 59 Penn. St. 248; *Patterson v. Pittsbury, etc., R. R.* 76 Penn. St. 389; *Shanny v. Androscoggin Mills* 66 Me. 420; *Hard v. Vt. & Canada R. R.* 32 Vt. 473; *Cumberland & Penn. R. R. v. State* 44 Md. 283: 45 Md. 229; *Nash. & Chat. R. R. v. Elliott* 1 Coldw. 611; *Braun v. C., R. I. & P. R. R.* 53 Ia. 595; *Hunt v. Chic. & N. W. R. R.* 26 Ia. 368; *Greenleaf v. Ill. Cent. R. R.* 29 Ia. 14; a distinction is made between the responsibility for the negligence of servants employed to procure safe machinery, and for that of servants employed to keep it in repair: *Searle v. Lindsay* 11 C. B. (N. S.) 428; *Clarke v. Holmes* 7 H. & N. 947; *Wilson v. Merry* 1 Scotch & Div. App. 326; the following cases hold that in the latter class of cases the employer is not responsible: *Columbus, etc., R. R. v. Arnold* 31 Ind. 174; *Railroad Co. v. Webb* 12 Ohio St. 475; *Wonder v. B. & O. R. R.* 32 Md. 417; *Harrison v. Railroad* 31 N. J. L. 293; and the following tend to support the same doctrine: *Mich. Cent. R. R. v. Austin* 40 Mich. 247; *Quincy Min. Co. v. Kitts* 42 Mich. 34; the master is responsible for the negligence of his servants in providing safe machinery for fellow-workmen: *Marq. & Ont. R. R. v. Taft* 28 Mich. 298; *Ft. W., J. & S. R. R. v. Gildersleeve* 33 Mich. 135; *Chic. & N. W. R. R. v. Bayfield* 37 Mich. 211.

*Wisner & Draper* and *Wm. L. Webber* for defendant in error. A railroad company is not responsible to employees for injuries to them resulting from the negligence of fellow servants in the same general business: *Mich. Cent. R. R. v. Leahey* 10 Mich. 199; *Davis v. D. & M. R. R.* 20 Mich. 105; *Mich. Cent. R. R. v. Dolan* 32 Mich. 510; *Mich. Cent. R. R. v. Austin* 40 Mich. 247; *Quincy Mining Co. v. Kitts* 42 Mich. 34; *Farwell v. B & W. R. R.* 4 Met. 49; *Sherman v. Roch., etc. R. R.* 17 N. Y. 153; brakemen and car inspectors are fellow servants: *C. & A. R. R. v. Murphy* 53 Ill. 336; *Warner v. Erie R. R.* 39 N. Y. 470; *Coon v. Syracuse & Utica R. R.* 5 N. Y. 492; *Malone v. Hathaway* 64 N. Y. 5; *Wood v. New Bedford Coal Co.* 121 Mass. 252; *Gilman v. Eastern R. R.* 10 Allen 233; *Albro v. Agawam Canal Co.* 6 Cush. 75; *McAndrews v. Burns* 39 N. J. L. 117; *Valtez v. Ohio, etc., R. R. Co.* 85 Ill. 500; Shearm. & Redf. Neg. (ed. 1869) 101, 115, 124; the company must use every reasonable care in the proper construction of its road, in supplying it with necessary equipment and necessary material for repair, and in the selection of competent servants to supervise, inspect, repair and regulate the machinery, road and equipments, and regulate and control the operation of the road; and if these duties are performed by the management of the company and one of the persons so employed is negligent whereby another is injured, it is not the master's negligence and the company is not liable: *Priestley v. Fowler* 3 M. & W. 1; *Patterson v. Wallace* 1 McQueen 748; *Boyton v. Stewart* 2 McQueen 30; *Roberts v. Smith* 2 H. & N. 213; *Ormond v. Holland* El. Bl. & El. 102; *R. R. Co. v. Webb* 12 Ohio St. 475; if a servant who is injured through the unskillfulness of fellow servants or defective machinery or because the force of laborers is insufficient has the same knowledge or means of knowledge of these shortcomings as his employer, he cannot recover for the injury as he is held to have assumed the risks: *Frazier v. P. R. R.* 38 Penn. St. 104; *Wright v. N. Y. C. R. R.* 25 N. Y. 562; *Buzzell v. Laconia Mnfg. Co.* 48 Me. 113; *Mad River & Lake Erie Railroad v. Barber* 5 Ohio St. 541; *Mich. Cent. R. R. v. Smithson* 45 Mich. 212.

CAMPBELL, J.    Plaintiff, who was a brakeman on the railroad of which defendant was receiver, sues for an injury which he received by having an arm crushed while coupling cars.    The accident is shown to have happened while plaintiff was attempting to couple two cars which had been brought loaded to Monroe by another road, and the occasion of it is said to have been the loosening and leaning down of the dead-woods of one car which was rather lower than the other, whereby as the two came together the dead-woods of the lower car went partially under those of the higher one and caught plaintiff's arm.    The accident happened at night, when plaintiff's train was somewhat behind time and hurried. It appeared that at Monroe, as at other railroad junctions, the various roads had their own inspectors to examine cars brought in by or to be attached to their trains, and that this car was not reported as dangerous by either of the inspectors, of the road that brought it to Monroe or of the road on which plaintiff was employed.

The circuit court for the county of Saginaw, after hearing all the evidence, directed a verdict for defendant.    No argument was made on the right to sue defendant as receiver, and the case has been treated as presenting no questions but those relating to negligence and its effect.    And the only question under this head seems to be whether plaintiff as a person under employment can sue his employer, for the negligence of the persons who are claimed to have been in fault for not making a thorough inspection.

While there may be other matters that may be open to remark, we do not think' that we can properly consider, as against the plaintiff, any other question.

The case has been very thoroughly presented, but after careful reflection we cannot see any principles involved in it which have not been so fully passed upon by our previous decisions as to render renewed discussion superfluous.

The statutes of this State make it the duty of every railroad to receive and forward cars of other roads impartially and diligently.    This does not require the transfer of cars unfit for passage.    But it does require that no unnecessary

delays or hindrances shall be interposed, and that all precautions against the use of improper cars shall be adopted with reference to reasonable dispatch.  It appears by this case, and we are bound to know as part of the general knowledge of the business community, that the railroads of the country conduct their inspections under a generally understood system which all persons so employed on the roads as to be interested are presumed to understand.  It further appears that the road now in question employed the usual servants for that purpose, and there is nothing to indicate that there was any negligence in their employment or retention.

We cannot conceive any good reason for holding that the risk of occasional errors on the part of such persons is not one of those risks which naturally attend the shifting of cars from one road to another, and which consequently every brakeman or other person employed in handling them incurs as a part of his employment.  There is no difference in the nature of the danger, or in the quality of the inspector's employment, between the case of shifting cars belonging to other roads and cars belonging to the same road.  Defects in both lead to the same results, and the methods of examining both are identical.  Where a car has been damaged by some injury which has escaped notice, it cannot fairly be said that employers ignorant of it, who have taken all usual and reasonable precautions against it, are any more to blame in the one case than in the other.  The duty of the inspectors passing the cars from road to road is of no different nature from that of other persons who have similar duties of vigilance.  Conductors and brakemen have similar precautions to exercise in their respective callings, and the safety of such employees may be affected in numerous ways by neglect of careful scrutiny.  They are in the strictest sense fellow servants whose acts are not independent in such a sense as to separate them from each other in the line of dangers.  When a brakeman handles any car, he knows there is at least a possibility that he may be injured, unless he examines it carefully.  It may not always be legal negligence in him to rely with some assurance on the accuracy

of the persons who should have examined it before it comes to him. But he is bound to know that omissions of such care are possible, and are dangerous if they occur. And he is also bound to know, as all men know, that it is impossible for employers to completely guard against it.

As we have frequently held, in accordance with what we conceive to be the legal rule, such actions as the present are based on actual negligence of the defendant sued or of some representative who is held in law to personate him. And in such a business as requires the employment of a multitude of persons beyond the possible constant supervision of either the ultimate or representative principal, there can be no negligence without the failure to use such precautions in choosing agents and guarding against perils as diligent prudence and foresight require. When the principal has done all that can be reasonably required of him to prevent risks to his servants, he has done all that he owes them.

In the present case he appears beyond dispute to have done all this, and if the inspectors committed an error, or were guilty of negligence, he is not to blame for it. The work done is to be done at all hours and at every place where there are railroad connections with other roads. It is not a duty of management or general supervision but a task for which nothing is required but fidelity, and mechanical knowledge of a comparatively limited kind. It is such work as would seldom be delegated to an officer of extensive responsibility who has other interests to look after. But, whatever be its quality, it was in this case not claimed to have been placed in wrong hands. Nothing more could be asked of the employer.

The questions bearing on these duties and liabilities have been passed upon in several cases, which under different circumstances illustrate the same general rules. *Mich. Cent. R. R. Co. v. Leahey* 10 Mich. 199; *Davis v. D. & M. R. R. Co.* 20 Mich. 105; *Mich. Cent. R. R. Co. v. Dolan* 32 Mich. 510; *Fort Wayne J. & Sag. R. R. Co. v. Gildersleeve* 33 Mich. 133; *Botsford v. M. C. R. R. Co.* id. 256; *Chicago & N. W. Rw. Co. v. Bayfield* 37 Mich. 205; *G. R. &*

*I. R. R. Co. v. Huntley* 38 Mich. 537; *M. C. R. R. Co. v. Austin* 40 Mich. 247; *Day v. Toledo, C. S. & D. Rw. Co.* 42 Mich. 523; *Quincy Mining Co. v. Kitts* id. 34; *Mich. Cent. R. R. Co. v. Smithson* 45 Mich. 212.

We do not think it necessary, in view of our own decisions, to review the cases elsewhere, which are not all consistent or harmonious.   The court below undoubtedly relied on the rulings of our own reports, and there is no error in his decision.

The judgment must be affirmed with costs.

The other Justices concurred.