## WILLIAM B. JARMAN v. THE CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Railroad companies—Injury to employé—Fellow-servants.*

Plaintiff was a fireman on one of defendant's passenger trains. While in the cab of his engine, and passing a freight train standing on a side track, he was struck and injured by the projecting limb of a tree on a flat car loaded with trees. The cab of the engine was safe, and a rule of the defendant, known to plaintiff, required the conductor of the freight train to inspect the flat car, and see that it was properly loaded, before receiving it into his train. And it is held that the case is ruled by *Smith v. Potter*, 46 Mich. 258, and *Dewey v. Railway Co.*, 97 Id. 329, the negligence, if any, being the failure of the conductor to see that the car was properly loaded, or, if not, to reject it.

Error to Calhoun. (Smith, J.) Argued November 23, 1893. Decided December 8, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Geer & Williams,* for appellant.

*Edwin F. Conely* and *Orla B. Taylor,* for plaintiff, contended:

1. The cases of *Smith v. Potter*, 46 Mich. 258, and *Dewey v. Railway Co.*, 97 Id. 329, have no bearing upon this case. We base our right to recover upon the well-settled principle that it was the duty of defendant to use reasonable care to furnish plaintiff with a safe place in which to work, and that this duty could not be delegated to any servant so as to relieve the company from liability; citing *Van Dusen v. Letellier*, 78 Mich. 492; *Brown v. Gilchrist*, 80 Id. 56; *Morton v. Railroad Co.*, 81 Id. 423; *Town v. Railroad Co.*, 84 Id. 214; *Irvine v. Railroad Co.*, 89 Id. 416; and when the defendant placed plaintiff on this

engine, its duty was to see that the road was clear and free from obstructions; and he had a right to assume that the track was in good and safe repair (*Town v. Railroad Co.*, 84 Mich. 214), and that there were no obstructions on the side of the track to endanger his life or limb while in the discharge of his duty; citing *Sweet v. Railroad Co.*, 87 Mich. 559; *Railway Co. v. Woodruff*, 66 Ga. 707; *Railroad Co. v. Welch*, 52 Ill. 183; *Clark v. Railroad Co.*, 28 Minn. 128; *Allen v. Railroad Co.*, 57 Iowa, 623; *Kearns v. Railway Co.*, 66 Id. 599; *Pidcock v. Railway Co.*, 5 Utah, 612; *Riley v. Railway Co.*, 27 W. Va. 145.

GRANT, J. Plaintiff was a fireman on one of defendant's passenger engines. His train passed a freight train standing upon a side track. One of the cars of the freight train was a flat car loaded with small elm trees. As his train passed, he claims that a small limb from one of these trees projected against and into the cab where he was sitting, and struck his eye, injuring it. These trees were loaded with their butts at the ends of the car and the tops in the center. They were held in place by six stakes on each side and two at each end, and by wires running across from the tops of the stakes, and others around the tops of the trees, to hold them in. After this was done, all the limbs which projected beyond the car were cut off. A rule of the company, with a copy of which plaintiff was furnished when he entered its employ, made it the duty of the conductors of freight trains "to particularly examine all platform cars to see that they are safely loaded, and, if they are not, to have them reloaded." The conductor of the freight train was a witness for plaintiff, and on cross-examination testified that he carefully inspected the car; that the trees were properly loaded, or he should not have taken it; that it was his business not to take it if it was not properly loaded. The defendant had nothing to do with the loading. This was done by the shippers of the trees. Trees had been shipped from

the point where these were taken for about five years.

The persons who loaded this car, and the station agent who billed it, testified that it was properly loaded. There is no evidence to the contrary, unless negligence may be inferred from the fact that a limb in some way got loose. The negligence alleged is that defendant failed to furnish plaintiff a safe place to work in. It is claimed that the place was rendered unsafe by the improper loading of a freight car with trees, so that the limbs and branches extended beyond the sides of the car. If this be so, the sole question in the case is, was it the negligence of the defendant?

It is conceded that defendant furnished a safe cab, safe engines and cars, and a proper system and roadbed for the use of its employés. It furnished, also, safe appliances for loading the car in question, and a competent man to inspect it before it should be placed in the train. It is not shown that the usual manner of loading these trees was negligent. The defendant had performed its whole duty towards its employés when it furnished the above-mentioned appliances and a competent inspector. If plaintiff's position in the cab had been rendered unsafe by the negligence of any one, that one was a fellow-servant. In *Enright* v. *Railway Co.*, 93 Mich. 409, two freight trains collided. The cause of the accident was the failure of the engineer of the rear train to keep his train under control when entering the station grounds. The engineer of the rear train and the conductor of the forward train were fellow-servants. So, in the present case the employés of the two trains were, as to each other, fellow-servants, and each assumed the risk of the other's neglect. There certainly would be no reason in holding that these trees could not have been safely loaded, nor that defendant neglected to furnish proper and sufficient material, tools,

and appliances for that purpose. Does the law require more? No respectable authority, we think, can be found holding that it does. It follows that the negligence, if any, was in loading, and the failure of the conductor, who was also the inspector, to see that the car was properly loaded, or, if it was not, to reject it. This comes clearly within the rule of *Smith v. Potter*, 46 Mich. 258, and *Dewey v. Railway Co.*, 97 Id. 329. It is unnecessary to cite authorities outside our own State on this point. The question must be regarded as definitely settled by our own decisions. The duty of the master to furnish a safe place for the servant has no application to the facts in this case. The defendant did furnish a safe cab, and the place was rendered unsafe only by the act of the freight conductor in negligently receiving an improperly loaded car, instead of rejecting it from his train.

It is claimed that the motion of the car would tend to turn the trees and make them settle out of place, so that other branches might work out over the sides. This claim is not based upon any evidence that such a result actually followed when the trees were properly loaded, or that such would be the natural result, or that, with the appliances furnished, the trees could not be easily loaded so as to prevent such a result. The sole basis for the claim is the testimony of one witness that branches "could work out from the motion of the car up and down," and of another that "the trees might work up and down and ahead, and sometimes sideways." The first witness was not shown to have had any experience or knowledge on the subject, while the second, the brakeman on the freight train, did not testify that any such result either had followed or was likely to follow. There is no evidence tending to show that this method of loading and carrying trees was in itself negligent. The declaration is not based upon such a claim,

but upon the theory that this particular car was improperly loaded.

Judgment reversed, and a new trial ordered.

The other Justices concurred.