(104 So. 28)

### UNITED STATES CAST IRON PIPE & FOUNDRY CO. v. WILLIAMS.
### (6 Div. 258.)

(Supreme Court of Alabama.  April 9, 1925. Rehearing Denied April 30, 1925.)

1. **Exceptions, bill of ⬤═39(1)—Bill signed under statute applicable, when bill presented not subject to motion to strike because not signed within 60 days.**

In view of Code 1923, § 11, where bill of exceptions was presented July 21, 1924, when Code 1907, § 3019, was effective and was signed October 9, 1924, it was not subject to motion to strike because not signed within 60 days, as provided by Code 1923, § 6433, changing time from 90 to 60 days; latter statute not becoming operative until August 17, 1924.

2. **Negligence ⬤═111(1)—Switchman's complaint against shipper for negligence in loading car held to state cause of action.**

Switchman's complaint, averring that shipper loaded car of iron pipe, that it was his duty to handle it over his employer's line as switchman, that shipper so loaded car that pipe slipped and injured him, that shipper breached its duty to load pipe properly, and that plaintiff's injury was proximately caused thereby *held* to state cause of action.

3. **Negligence ⬤═138(2)—Charge on shipper's burden to prove defense that injury to switchman was due to railroad's negligence held without error.**

In switchman's action against shipper for injuries alleged to have been caused by shipper's negligence in loading iron pipe on car, where court properly informed jury that general issue placed on plaintiff burden to prove averments of complaint, there was no error in charge that under its plea defendant had burden to prove its defense that injury was caused by negligence of train crew in handling car.

4. **Trial ⬤═295(1)—Oral charge construed in all parts as a whole and is not incorrect, if one part standing alone appears inaccurate.**

The oral charge must be construed in all of its parts as a whole as applicable to pleading and proof and when so interpreted, if law is stated correctly, it will not be held incorrect, if one part standing alone appears inaccurate.

5. **Evidence ⬤═91—Burden of proof is on party holding affirmative.**

The burden of proof is on the party holding the affirmative, plaintiff to prove averments of complaint and defendant to prove special defenses.

6. **Release ⬤═59—Refusal of charge switchman could not recover from shipper unless there was no negligence by railroad held without error.**

In action by switchman against shipper for latter's negligence in loading iron pipe, where there was evidence that injury was caused by shipper's negligence, or by negligence of railroad or that injuries were caused by concurring negligent act, without concert of action of shipper and railroad, notwithstanding evidence of release by switchman discharging railroad from liability, it was not error to refuse charge that plaintiff could not recover from shipper unless there was no negligence by railroad employés at time of accident which contributed to plaintiff's injury.

7. **Negligence ⬤═136(14)—Negligence of shipper in loading car of iron pipe held for jury.**

Where in view of agreement between shipper of iron pipe and belt line railroad and general custom and usage from 10 to 14 years, shipper owed duty to switchman so to load cars that he would not be injured thereby in performance of his duties to railroad, in his action against shipper for injury alleged to have been caused by negligent loading of car, shipper's negligence *held* under evidence for jury.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Suit for personal injuries by T. L. Williams against the United States Cast Iron Pipe & Foundry Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. P. Mudd, of Birmingham, and Brenton K. Fisk, of Washington, D. C., for appellant.

Defendant was entitled to the affirmative charge. Woodward Iron Co. v. Curl, 153 Ala.

215, 44 So. 969; Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86. Even if defendant were responsible for the improper loading of the car, such act on its part was the remote cause of the injury. Garrett v. L. & N., 196 Ala. 52, 71 So. 685; Williams v. Woodward Ir. Co., 106 Ala. 254, 17 So. 517; Wheeler v. Standard Wheel Co., 196 Ala. 634, 72 So. 254; A. C. L. v. Rice, 169 Ala. 265, 52 So. 918, 29 L. R. A. (N. S.) 1214. Ann. Cas. 1912B, 389; Fowles v. Briggs, 116 Mich. 425, 74 N. W. 1046, 40 L. R. A. 528, 72 Am. St. Rep. 537; T. & P. v. Archibald, 170 U. S. 665, 18 S. Ct. 777, 42 L. Ed. 1188; Lellis v. Mich. Cent., 124 Mich. 37, 82 N. W. 828, 70 L. R. A. 598. The burden was on plaintiff to prove causal connection, negligence and injury. Koger v. Roden Coal Co., supra; Stowers v. Dwight Mfg. Co. supra.

Fred Fite, of Birmingham, for appellee.

Negligence on the part of the railroad would not relieve the defendant from responsibility for negligence on its part. Home Tel. Co. v. Fields, 150 Ala. 306, 43 So. 711; Thompson v. L. & N., 91 Ala. 501, 8 So. 406, 11 L. R. A. 146; Hall v. S. A. L., 211 Ala. 602, 100 So. 890. The injury was inflicted before inspection by the railway company, and defendant was liable. M., K. & T. v. Merrill, 65 Kan. 436, 70 P. 358, 59 L. R. A. 711, 93 Am. St. Rep. 287; Penna. R. Co. v. Snyder, 55 Ohio St. 342, 45 N. E. 559, 60 Am. St. Rep. 700. The duty to use reasonable care in loading its car rested upon defendant. Moon v. Nor. Pac., 46 Minn. 106, 48 N. W. 679, 24 Am. St. Rep. 194; Teal v. Amer. Min. Co., 84 Minn. 320, 87 N. W. 837; Standard Oil Co. v. Tierney, 92 Ky. 367, 17 S. W. 1025, 14 L. R. A. 677, 36 Am. St. Rep. 595. The court's oral charge was free from error. Railroad Co. v. Hale, 90 Ala. 8, 8 So. 142, 24 Am. St. Rep. 748; Bromley v. Railroad Co., 95 Ala. 403, 11 So. 341; R. R. Co. v. Crocker, 95 Ala. 428, 11 So. 262; McDonald v. Railway Co., 110 Ala. 161, 20 So. 317; W. Ry. v. Williamson, 114 Ala. 131, 21 So. 827.

MILLER, J. This is an action for damages for injuries to his fingers brought by T. L. Williams against the United States Cast Iron Pipe & Foundry Company, a corporation, alleged to have been caused by the negligent loading of pipes on a car by the defendant, which plaintiff as an employee of the Birmingham Belt Railroad Company had to handle. The defendant pleaded general issue, with special leave to introduce in evidence any matter relevant as a special defense. There was a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

[1] The plaintiff makes motion to strike the bill of exceptions from the record, because it was not signed by the presiding judge within 60 days after presentation as provided by section 6433 of the Code of 1923. This statute (section 6433, Code of 1923) changes the time in section 3019, Code of 1907, from 90 to 60 days within which, after presentation, a bill of exceptions must be signed by the presiding judge; but this statute did not become operative until August 17, 1924. This bill of exceptions was presented on July 21, 1924, to and it was signed by the presiding judge on October 9, 1924. It was signed within 90 days after presentation, under the statute (section 3019, Code of 1907), which was applicable when presented, and which governed and controlled in fixing the time to sign it. So the motion must be and is overruled and refused. Section 3019, Code of 1907, and sections 11 and 6433, Code of 1923; Montgomery v. Leith, 162 Ala. 246, 50 So. 210.

There is only one count in the complaint. It was amended twice, and defendant's demurrers to it as last amended were overruled by the court. The defendant insists the court erred in overruling these grounds of its demurrer (1) for aught appearing in the complaint the alleged injuries may not have been the proximate result of the alleged negligence; (2) it is not alleged with sufficient certainty how the defendant was negligent; and it fails to aver sufficient causal connection between the injury and the negligence.

[2] The complaint avers the defendant loaded a car for shipment; it was his duty as an employé of the Birmingham Belt Railroad Company to handle it over his employer's line as a switchman; that defendant so negligently loaded said car of pipe that a part of said pipe slipped and threw plaintiff down, cut off a portion of plaintiff's fingers, and injured him, proximately causing plaintiff to suffer great mental and physical pain. The complaint avers the duty of the defendant to properly load the car with the pipe. It avers a breach of that duty that defendant so negligently loaded the car of pipe that a part of it slipped and threw plaintiff down; and it avers his injuries were proximately caused thereby; and it avers his duty to handle the car in switching the same under his employment by the Birmingham Belt Railroad Company. This count states a cause of action against the defendant, and it is not subject to the grounds of demurrer assigned to it, and the court did not err in this ruling. 10 Michie Digest, p. 595, § 56, and authorities there cited.

[3] The defendant excepted to the following part of the oral charge of the court:

"Under the plea of the general issue the defendant says that this accident was not caused by reason of any negligence on the part of this defendant, or any of its servants or agents, but that it was caused by reason of the negligence of the train crew of the Birmingham

Belt Railroad Company, in and about the handling of that car of pipe which was there for the purpose of being switched out by them. Now the burden of proof is on the defendant to reasonably satisfy you of that defense, because that is pleaded under the general issue. That is one of the facts to which I call your attention under the plea of the general issue on which the defendant relies."

[4, 5] The defendant filed in writing one plea, and it pleaded general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action to have effect as if so pleaded, and with like leave to plaintiff as to matters in reply thereto. The court in its general oral instruction to the jury clearly informed them under the general issue part of the plea that the burden was on the plaintiff to prove to their reasonable satisfaction the material averments of each and every count of his complaint. And in this part of the oral charge, excepted to, it is evident the court was instructing the jury that the defense claiming that the injuries were caused by the negligence of the train crew of the Birmingham Belt Railroad Company was on the defendant, which was permissible to be made under the general issue plea as filed. It is clear the court from the general charge as a whole informed the jury the general issue plea placed the burden of proof on the plaintiff to prove to their reasonable satisfaction the averments of the complaint, and the burden was on the defendant to prove the matters of special defense to the complaint permissible under the general issue plea, as filed, to their reasonable satisfaction. The oral charge must be construed in all of its parts as a whole, as applicable to the pleading and proof, and when so interpreted, if the law is correctly stated, it will not be held incorrect, if one part standing alone appears inaccurate. The oral charge as a whole is clear and correct, free from the error assigned. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Southern Rwy. Co. v. Lynn, 128 Ala. 297, 29 So. 573. This general charge, considered as a whole, did not misplace the burden of proof. It·is on the party holding the affirmative, the plaintiff, to prove the averments of the complaint and on the defendant, to prove the special defense. Alexander v. Woodmen, 161 Ala. 561, 49 So. 883; Lucas v. Stonewall Ins. Co., 139 Ala. 487, 36 So. 40.

[6] The defendant separately requested the court to give written charges numbered 1 and 4, and each was refused by the court. They are as follows:

"(1) Gentlemen of the jury, if you believe the evidence, your verdict cannot be for the plaintiff."

"(4) Gentlemen of the jury, your verdict cannot be for the plaintiff, unless from the evidence you are reasonably satisfied that there was no negligence by the railroad employés at the time of the accident which proximately contributed to plaintiff's injuries."

The parties in open court agreed "that at the time of the accident on which the suit was based the Birmingham Belt Railroad Company was engaged in interstate commerce, and that plaintiff was engaged in interstate commerce, and that his injuries arose while he was so engaged in interstate commerce."

The defendant loaded this car with pipes, which pipes were bell-shaped at one end. It was a gondola car. Four pieces of the pipe were resting on the car, with one end on the steel rod. The steel rods reached across the car at each end to keep it from spreading when loaded. This Belt Railroad Company would take these cars when loaded at defendant's plant and switch them over to the different railroads. This car was attached to a train of the Belt Railroad to be switched over to the Frisco, where it had been marked to go.. The evidence tended to show the conductor in charge told plaintiff to get on the car, which he did, and as the train moved with it one of the pipes' resting on this iron rod slipped and rolled on his fingers, seriously injuring two of them.

There was evidence that it was improper in loading the car to place the pipe on this steel rod; they should have been placed under it, and fastened with timbers, and there was evidence that the pipes were not fastened with timbers in this car, and there was room under the rods for these pipes.

From the evidence the jury could reasonably infer that this car was improperly loaded by the defendant; that this was a switching train and crew in charge of the car; and that defendant was an employé of this Belt Railroad as switchman. The receipt of the Birmingham Belt Railroad Company hereinafter mentioned clearly shows plaintiff was its employé at the time of the injury.

There is evidence that this Belt Railroad paid the plaintiff $500 "and he signed therefor a written release" and discharge to it from all liability while in its employment, and service, for injuries complained of in this cause; but plaintiff expressly stated this release and settlement with this railroad did in no way prejudice or settle any suits or actions or remedies in his favor against this defendant. This $500 was paid only for its release from liability by plaintiff from damages, and for no other purpose.

There was evidence from which the jury could reasonably infer that the injuries of the plaintiff were proximately caused by the negligence of the defendant in improperly loading this car with the pipes, or that it was proximately caused by the negligence of the Belt Railroad employés in running and managing the engine to move this car; or that the injuries were proximately caused by the concurring negligent acts, without

concert of action, of the two named parties. If the injuries were proximately caused by their concurring negligent acts, without concert of action, then they would be jointly or severally liable, and the foregoing payment of $500 by the Belt Railroad could be considered by the jury with the other evidence as a full or pro tanto settlement for the injuries, in making up their verdict, if plaintiff was entitled to recover. Hall v. S. A. L. Ry. Co., 211 Ala. 602, 100 So. 890, and authorities there cited; Home Tel. Co. v. Fields, 150 Ala. 306, 43 So. 711. It results from the foregoing that this charge, numbered 4, was properly refused by the court.

[7] The defendant insists the court erred in refusing to give the general affirmative charge with hypothesis in its favor hereinbefore set out, because when this car was delivered to the Belt Railroad it became its duty to provide for and to inspect this car as to its being properly loaded. The Belt Railroad neglected that duty, breached it, and the injuries of plaintiff were proximately caused thereby; and this constitutes an intervening, independent human agency between the negligence of the defendant and the injury to the plaintiff, which relieved the defendant of liability. This principle is fully stated in Fowles v. Briggs, 116 Mich. 425, 74 N. W. 1046, 40 L. R. A. 528, 72 Am. St. Rep. 537. See, also, Lellis v. Mich. Cent. R. Co., 124 Mich. 37, 82 N. W. 828, 70 L. R. A. 598. In the former case (Fowles v. Briggs) the headnote states the principle thus:

"A shipper of lumber is not liable for injury to a railroad brakeman while coupling cars, by the shunting of the lumber, because it was negligently loaded, where the accident happened after it had become the duty of the railroad company to provide for the inspection of the car."

The headnote in Lellis v. Mich. Cent. R. Co., 124 Mich. 37, 82 N. W. 828, 70 L. R. A. 598, states the principle as follows:

"Where one railroad company delivered a carload of lumber to another for transshipment over its line, and the latter company neglected to inspect the same, and some of the lumber, on account of it not having been properly loaded, fell on one of the latter's switchmen and killed him, the former is not liable."

The appellee insists this general charge in favor of the defendant was properly refused by the court, because it never under the evidence, before the injury, became the duty of the Belt Railroad to inspect this car to see if it was properly loaded; that plaintiff was injured from the improper loading of the car by defendant before it became the duty of the Belt Railroad to inspect it; and that it was the custom and practice of the Belt Railroad and defendant, known and consented to by each in this business for 10 or 12 years, that all cars were always received by the Belt Railroad from defendant, conditionally subject to be sent back, if improperly loaded, with inspection to be made at the point of delivery to the connecting carrier; and the plaintiff was injured by the improper loading of this car before it reached the point to be delivered to the connecting carrier, the Frisco Railroad. The evidence shows the plaintiff was injured before this car reached the point where it was to be delivered to the Frisco by the Belt Railroad.

This court in Sampson v. Gazzam, 6 Port. 136, 30 Am. Dec. 578, wrote:

"Where a custom or usage is proved to exist, in relation to a particular trade or pursuit, if it be general, all persons engaged therein are presumed to contract in reference to such usage."

The foregoing excerpt was quoted with approval by this court in Douglas v. Ham Turpentine Co., 210 Ala. 180, 97 So. 650. The opinion in Fowles v. Briggs, supra, quotes from Wharton on Negligence, § 437, which states accurately the duty owed by defendant to plaintiff under the evidence in this cause, as follows:

"If a person undertakes to do an act or discharge a duty by which the conduct of others may be regulated and governed, he is bound to perform it in such manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be properly performed shall not suffer loss or injury by reason of his negligence."

There is no direct contractual relation existing between the plaintiff and defendant, but under the agreement and arrangement between defendant and the Belt Railroad, and the general custom and usage from 10 to 14 years of this business between them, the defendant owed plaintiff, an employé of the defendant, the duty to so load the car of pipes that he would not be injured in the performance of his duties under his employment with the Belt Railroad in switching this car to the connecting railroad.

There is evidence that there was some contract or agreement between the defendant and the Belt Railroad that cars were to be loaded by the defendant at its plant, the Belt Railroad came daily for them, and switched the loaded cars to the carriers over which they were routed. It appears from the evidence there was a general custom and usage between them for 10 to 14 years duration and agreement that these cars were not to be inspected by the Belt Railroad until they reached the point of delivery to the connecting carrier; and, if on inspection there they were found to be improperly loaded, then they were to be returned to defendant's plant, to be properly loaded. Under this agreement and general custom, it was the duty of the defendant to so load this car that the plaintiff would not be injured in the performance of his duties in switching it from defendant's plant to the Frisco railroad

under his employment with the Belt Railroad. Authorities supra.

The evidence was in clear conflict as to whether this car was properly or improperly loaded by the defendant. The evidence on the plea of contributory negligence was in clear conflict. The court under the evidence properly refused this general affirmative charge, with hypothesis, numbered 1.

The court did not err in overruling the motion for new trial; the verdict does not appear to be contrary to the great weight of the evidence, and the other questions presented by the motion have been considered in this opinion.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.